FILED
CLERK, U.S. DISTRICT COURT
9/6/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RENE RODRIGUEZ,<br>　aka "talleyho14,"<br><br>　　　　Defendant. | CR 8:23-cr-00123-DOC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about May 29, 2017, in Orange County, within the Central District of California, defendant RENE RODRIGUEZ, also known as "talleyho14," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using a means and facility of interstate and foreign commerce, namely, the Internet, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

1  The child pornography that defendant RODRIGUEZ distributed
2 consisted of an image titled "1024x768_bestfit.jpg."
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about March 9, 2018, in Orange County, within the Central District of California, defendant RENE RODRIGUEZ, also known as "talleyho14," knowingly possessed a black LG Android cell phone, model LGLS991, bearing IMEI number 357355062960973, a silver Samsung cell phone, model SM-J327P, and a gold LG cell phone, model LS990, bearing serial number 410KPVH0351583, which contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant RODRIGUEZ possessed on these devices included, but was not limited to, the following:

1. An image titled "0dab8a95-fd98-4ddb-9d2c-e554f2017178.jpg" depicting a prepubescent child on her back, with her legs pushed back and her vagina and anus presented to the camera, while an erect penis is being inserted into her anus;

2. An image titled "Af8c3a2586a4af8a_0_embedded_1.jpg" depicting a prepubescent child with their eyes closed and an erect penis being held to their chin while an unknown milky-white fluid covers the child's face and lips; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    3.    A video file titled "19cd297e48a31d809ba42e377a78f58d.gif" depicting 10-second video file depicting a prepubescent girl on her knees performing fellatio on an erect penis.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

            /S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

ANGELA C. MAKABALI
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section