E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5010
    Facsimile: (213) 894-0141
    E-mail:   alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>RENE RODRIGUEZ,<br><br>        Defendant. | No. 8:23-CR-123-DOC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>RENE RODRIGUEZ |

1.   This constitutes the plea agreement between RENE RODRIGUEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to/that:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Rene Rodriguez</u>, No. 8:23-CR-123-DOC,

which charges defendant with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

      b.  Withdraw his Motion to Suppress Defendant's Statements (Dkt. 29), filed on June 24, 2024, and Motion to Suppress Evidence (Dkt. 31), filed on June 24, 2024, within 24 hours of the filing of this plea agreement with the Court.

      c.  Not contest facts agreed to in this agreement.

      d.  Abide by all agreements regarding sentencing contained in this agreement.

      e.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      f.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      g.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      h.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

      i.  Any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1              j.    Complete the Financial Disclosure Statement on a form

2 provided by the USAO and, within 30 days of defendant's entry of a

3 guilty plea, deliver the signed and dated statement, along with all

4 of the documents requested therein, to the USAO by either email at

5 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6 Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7 Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8 criminal debt shall be assessed based on the completed Financial

9 Disclosure Statement and all required supporting documents, as well

10 as other relevant information relating to ability to pay.

11          k.    Authorize the USAO to obtain a credit report upon

12 returning a signed copy of this plea agreement.

13          l.    Consent to the USAO inspecting and copying all of

14 defendant's financial documents and financial information held by the

15 United States Probation and Pretrial Services Office.

16    3.    Defendant further agrees to the imposition of a term of

17 supervised release of 20 years under the following conditions of

18 probation or supervised release:

19          a.    Within three days of release from prison, defendant

20 shall register as a sex offender, and keep the registration current,

21 in each jurisdiction where the defendant resides, is employed, and is

22 a student, pursuant to the registration procedures that have been

23 established in each jurisdiction.  When registering for the first

24 time, defendant shall also register in the jurisdiction in which the

25 conviction occurred if different from the defendant's jurisdiction of

26 residence.  Defendant shall provide proof of registration to the

27 Probation Officer within 48 hours of registration.

28

 1          b.    Immediately following sentencing, defendant shall

 2   report directly to the Probation and Pretrial Services Office for

 3   instructions regarding the registration requirements created by the

 4   Adam Walsh Child Protection and Safety Act of 2006.

 5          c.    Defendant shall participate in psychological

 6   counseling or psychiatric treatment or a sex offender treatment

 7   program, or any combination thereof as approved and directed by the

 8   Probation Officer.  Defendant shall abide by all rules, requirements,

 9   and conditions of such program, including submission to risk

10   assessment evaluations and physiological testing, such as polygraph

11   and Abel testing.  Defendant reserves the right to argue that he

12   should not be subject to penile plethysmography.  Defendant retains

13   the right to invoke the Fifth Amendment.  The Court authorizes the

14   Probation Officer to disclose the Presentence Report, and any

15   previous mental health evaluations or reports, to the treatment

16   provider.  The treatment provider may provide information (excluding

17   the Presentence report) to State or local social service agencies

18   (such as the State of California, Department of Social Services), for

19   the purpose of defendant's rehabilitation.

20          d.    As directed by the Probation Officer, defendant shall

21   pay all or part of the costs of psychological counseling or

22   psychiatric treatment, or a sex offender treatment program, or any

23   combination thereof to the aftercare contractor during the period of

24   community supervision.  Defendant shall provide payment and proof of

25   payment as directed by the Probation Officer.  If defendant has no

26   ability to pay, no payment shall be required.

27          e.    Defendant shall not view or possess any materials,

28   including pictures, photographs, books, writings, drawings, videos,

or video games, depicting or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined in 18 U.S.C. § 2256(2).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the Probation Officer has approved of defendant's possession of the material in advance.

f.   Defendant shall not possess or view any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as materials depicting or describing persons under the age of eighteen in partial or complete states of nudity and/or in sexually provocative poses, and that is viewed for the purpose of sexual arousal.  This condition does not prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the Probation Officer has approved of defendant's possession of the materials in advance.

g.   With the exception of any minor child of defendant, defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of defendant's conviction in the instant offense  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must

interact in order to obtain ordinary and usual commercial services. With respect to any minor child of defendant (including defendant's son while he is a minor), defendant shall follow all court orders regarding custody and visitation.

h.    Defendant shall not contact any of defendant's victim(s) by any means, including in person, by mail or electronic means, or via third parties.  Further, defendant shall remain at least 100 yards from any of defendant's victim(s) at all times.  If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

i.    Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of eighteen, without the prior written authorization of the Probation Officer.

j.    Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of eighteen.

k.    Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2).

l.    Defendant shall not own, use, or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

1          m.    Defendant's employment shall be approved by the

2  Probation Officer, and any change in employment must be pre-approved

3  by the Probation Officer.  Defendant shall submit the name and

4  address of the proposed employer to the Probation Officer at least

5  ten days prior to any scheduled change.

6          n.    Defendant shall not reside within direct view of

7  school yards, parks, public swimming pools, playgrounds, youth

8  centers, video arcade facilities, or other places primarily used by

9  persons under the age of eighteen.  Defendant's residence shall be

10  approved by the Probation Officer, and any change in residence must

11  be pre-approved by the Probation Officer.  Defendant shall submit the

12  address of the proposed residence to the Probation Officer at least

13  ten days prior to any scheduled move.

14          o.    Defendant shall submit to a search, at any time, with

15  or without warrant, and by any law-enforcement or probation officer,

16  of defendant's person and any property, house, residence, vehicle,

17  papers, computers, cell phones, other electronic communication or

18  data storage devices or media, email accounts, social medial

19  accounts, cloud storage accounts, effects and other areas under

20  defendant's control, upon reasonable suspicion concerning a violation

21  of a condition of supervision or unlawful conduct by defendant, or by

22  any probation officer in the lawful discharge of the probation

23  officer's supervision functions.  If stopped or questioned by a law

24  enforcement officer for any reason, defendant shall notify that

25  officer that defendant is on federal supervised release and subject

26  to search upon reasonable suspicion concerning a violation of a

27  condition of supervised release or unlawful conduct by defendant.

28

p.   Defendant shall possess and use only those digital devices, screen usernames, internet service providers, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device, as well as the peripheral equipment of such a device, that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children or that can be modified to do so.

q.   All computers, computer-related devices, and their peripheral equipment used by defendant shall be subject to search and seizure.  This shall not apply to items used by defendant at his place of employment that are maintained and monitored by the employer.

r.   Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

4.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

1          i.    One black LG Android cell phone, model number

2     LGLS991, IMEI 357355062960973;

3          ii.   One silver Samsung cell phone, model SM-J327P;

4     and

5          iii.  One gold LG cell phone, model LS990, serial

6     number 410KPVH0351583 (collectively, the "Forfeitable Property").

7          b.    To the Court's entry of an order of forfeiture at or

8     before sentencing with respect to the Forfeitable Property and to the

9     forfeiture of the property.

10         c.    That the Preliminary Order of Forfeiture shall become

11    final as to the defendant upon entry.

12         d.    To take whatever steps are necessary to pass to the

13    United States clear title to the Forfeitable Property, including,

14    without limitation, the execution of a consent decree of forfeiture

15    and the completing of any other legal documents required for the

16    transfer of title to the United States.

17         e.    Not to contest any administrative forfeiture

18    proceedings or civil judicial proceedings commenced against the

19    Forfeitable Property.  If defendant submitted a claim and/or petition

20    for remission for all or part of the Forfeitable Property on behalf

21    of himself or any other individual or entity, defendant shall and

22    hereby does withdraw any such claims or petitions, and further agrees

23    to waive any right he may have to seek remission or mitigation of the

24    forfeiture of the Forfeitable Property.  Defendant further waives any

25    and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

26         f.    Not to assist any other individual in any effort

27    falsely to contest the forfeiture of the Forfeitable Property.

28

                                        9

g.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

i.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.    That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

5.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

THE USAO'S OBLIGATIONS

6.    The USAO agrees to:

        a.    Not contest facts agreed to in this agreement.

        b.    Abide by all agreements regarding sentencing contained in this agreement.

        c.    At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        e.    Recommend that defendant be sentenced to a term of imprisonment of no more than 120 months.

NATURE OF THE OFFENSE

7.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), the following must be true: (1) defendant knowingly distributed images or videos that defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) defendant knew that each visual depiction contained in the images or videos showed a minor engaged in sexually explicit conduct; (3) defendant knew that

production of such a visual depiction involved use of a minor in sexually explicit conduct; and (4) each visual depiction had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer.

PENALTIES AND RESTITUTION

8.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.     Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), is: 5 years' imprisonment; a 5-year period of supervised release; and a mandatory special assessment of $100.

10.     Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as

all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties have no agreement on the amount of restitution.

11.  Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

12.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13.  Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration up to and including life.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a

13

federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

16. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On May 29, 2017, in Orange County, within the Central District of California, defendant knowingly possessed and distributed an image that defendant knew constituted child pornography. Specifically, under the username "talleyho14," defendant used the Kik messaging application to knowingly send to another Kik user a link to an image file of child pornography being stored at Dropbox. The National Center for Missing and Exploited Children ("NCMEC") confirmed that the girl in this image is a real child. Defendant admits that he distributed this image using his cell phone and the internet, and that by doing so, the image was transported in and affected interstate commerce.

On March 9, 2018, FBI agents executed a federal search warrant at defendant's residence. During the search, FBI agents seized digital devices, including a black LG Android phone, a silver Samsung phone, and a gold LG phone. A forensic review of these three devices revealed at least 2,131 individual image and video files containing child pornography. NCMEC confirmed that at least 230 series including real child victims are depicted among the 2,131 child pornography image and video files found on defendant's devices.

Defendant admits that he knew the images and videos that he distributed and possessed on his electronic devices, including the images and videos described above, contained visual depictions of

minors engaging in sexually explicit conduct.  Defendant further admits that he knew that the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.  At least one of these videos and images depicted minor victims under the age of 12 being used for sexual acts, including infants and toddlers. At least one of these videos and images also portrayed sadistic or masochistic sexual conduct involving children under the age of 12. Defendant admits that the children depicted in these child pornography images and videos are real children.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
|---|---|---|
| Prepubescent Minor or Minor Under 12 | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Materials Portraying Sadistic or Masochistic Conduct or | +4 | U.S.S.G. § 2G2.2(b)(4) |

| Sexual Abuse of Infant or Toddler | | |
|---|---|---|
| Use of Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| More than 600 Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

19.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

22.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

23.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2      24.  Defendant agrees that, provided the Court imposes a term of

3  imprisonment within or below the range corresponding to an offense

4  level of 34 and the criminal history category calculated by the

5  Court, defendant gives up the right to appeal all of the following:

6  (a) the procedures and calculations used to determine and impose any

7  portion of the sentence, with the exception of the Court's

8  calculation of defendant's criminal history category; (b) the term of

9  imprisonment imposed by the Court, except to the extent it depends on

10 the Court's calculation of defendant's criminal history category;

11 (c) the fine imposed by the Court, provided it is within the

12 statutory maximum; (d) to the extent permitted by law, the

13 constitutionality or legality of defendant's sentence, provided it is

14 within the statutory maximum; (e) the amount and terms of any

15 restitution order, provided it requires payment of no more than

16 $273,000; (f) the term of probation or supervised release imposed by

17 the Court, provided it is within the statutory maximum; and (g) any

18 of the following conditions of probation or supervised release

19 imposed by the Court: the conditions set forth in Second Amended

20 General Order 20-04 of this Court; the drug testing conditions

21 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug

22 use conditions authorized by 18 U.S.C. § 3563(b)(7); and any

23 conditions of probation or supervised release agreed to by defendant

24 in paragraph 3 above.

25      25.  The USAO agrees that, provided (a) all portions of the

26 sentence are at or above the statutory minimum and at or below the

27 statutory maximum specified above and (b) the Court imposes a term of

28 imprisonment of no less than 120 months, the USAO gives up its right

to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $273,000.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

26. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

28. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

**BREACH OF AGREEMENT**

2      29.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16      30.  Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20          a.   Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23          b.   Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

1    c.   Defendant agrees that: (i) any statements made by

2 defendant, under oath, at the guilty plea hearing (if such a hearing

3 occurred prior to the breach); (ii) the agreed to factual basis

4 statement in this agreement; and (iii) any evidence derived from such

5 statements, shall be admissible against defendant in any such action

6 against defendant, and defendant waives and gives up any claim under

7 the United States Constitution, any statute, Rule 410 of the Federal

8 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9 Procedure, or any other federal rule, that the statements or any

10 evidence derived from the statements should be suppressed or are

11 inadmissible.

12    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13    OFFICE NOT PARTIES

14    31.  Defendant understands that the Court and the United States

15 Probation and Pretrial Services Office are not parties to this

16 agreement and need not accept any of the USAO's sentencing

17 recommendations or the parties' agreements to facts or sentencing

18 factors.

19    32.  Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation and Pretrial Services Office and the

22 Court, (b) correct any and all factual misstatements relating to the

23 Court's Sentencing Guidelines calculations and determination of

24 sentence, and (c) argue on appeal and collateral review that the

25 Court's Sentencing Guidelines calculations and the sentence it

26 chooses to impose are not error, although each party agrees to

27 maintain its view that the calculations in paragraph 18 are

28 consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1

2                    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

3          35.   The parties agree that this agreement will be considered

4    part of the record of defendant's guilty plea hearing as if the

5    entire agreement had been read into the record of the proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
8    CALIFORNIA

9    E. MARTIN ESTRADA
     United States Attorney

10

11   _____          06/27/2024
                                        _____
12   ALEXANDRA SLOAN KELLY              Date
     Assistant United States Attorney
13                                      6-27-2024
     _____          _____
14   RENE RODRIGUEZ                     Date
     Defendant

15
     _____          _____
16   TERRA CASTILLO LAUGHTON            Date
     Attorney for Defendant RENE
17   RODRIGUEZ

18   //

19   //

20   //

21

22

23

24

25

26

27

28

                                        24

1

2                    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

3          35.   The parties agree that this agreement will be considered

4    part of the record of defendant's guilty plea hearing as if the

5    entire agreement had been read into the record of the proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
8    CALIFORNIA

9    E. MARTIN ESTRADA
     United States Attorney

10

11   _____        _____
     ALEXANDRA SLOAN KELLY                     Date
12   Assistant United States Attorney

13
     _____        _____
14   RENE RODRIGUEZ                            Date
     Defendant
15

16   _____        6/27/24
     TERRA CASTILLO LAUGHTON                   _____
     Attorney for Defendant RENE               Date
17   RODRIGUEZ

18   //

19   //

20   //

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _6.27-2024_____
RENE RODRIGUEZ                            Date
Defendant

//

//

//

25

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RENE RODRIGUEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

TERRA CASTILLO LAUGHTON                    6/27/24
Attorney for Defendant RENE                Date
RODRIGUEZ