JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010
     Facsimile: (213) 894-0141
     E-mail:    alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                 v.<br><br>RENE RODRIGUEZ,<br><br>            Defendant. | No. CR 8:23-123-DOC<br><br>GOVERNMENT'S SENTENCING POSITION<br><br>Hearing Date: February 3, 2025<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the<br>             Hon. David O.<br>             Carter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexandra Sloan Kelly, hereby files its Sentencing Position for defendant Rene Rodriguez.

//

//

//

This filing is based upon the attached memorandum of points and authorities, the Presentence Investigation Report (Dkt. 43), the plea agreement (Dkt. 38), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 20, 2025         Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

           /s/
ALEXANDRA SLOAN KELLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.................................1
I.   INTRODUCTION....................................................1
II.  DEFENDANT'S OFFENSE.............................................1
III. SENTENCING GUIDELINES...........................................3
     A.   Offense Level.............................................3
     B.   Criminal History Category.................................6
     C.   Sentencing Guidelines Range...............................6
IV.  VICTIMS.........................................................6
V.   THE GOVERNMENT'S RECOMMENDED SENTENCE...........................7
     A.   A Sentence of No More than 120 Months Followed by 20
          Years of Supervised Release Is Appropriate for
          Defendant.................................................7
     B.   Restitution...............................................8
VI.  CONCLUSION......................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Rene Rodriguez ("defendant") knowingly distributed images he knew were child sexual abuse materials ("CSAM"), and he knowingly possessed over 2,000 such images on his digital devices. For his conduct, defendant was charged in the Indictment with distribution and possession of child pornography. (Dkt. 1.) Defendant pled guilty to the distribution count per the parties' plea agreement. (Dkts. 38, 41.)

In December 2024, the United States Probation and Pretrial Services Office ("Probation") filed its Presentence Investigation Report and sentencing recommendation. (Dkt. 42 ("Rec. Letter") and Dkt. 43 ("PSR").) Probation calculated defendant's Guidelines range at 210-240 months' imprisonment (PSR ¶ 4) and recommended 200 months' imprisonment (Rec. Letter at 2).

The government agrees with Probation's Guidelines calculations, but not its recommendation. Pursuant to the plea agreement, and for the additional reasons below, the government recommends a sentence of 120 months' imprisonment.

**II.   DEFENDANT'S OFFENSE**

Defendant admitted the following facts at his change of plea hearing. On May 29, 2017, defendant knowingly possessed and distributed an image that defendant knew constituted child pornography. (Dkt. 38 § 16.) Specifically, under the username "talleyho14," defendant used the Kik messaging application to knowingly send to another Kik user a link to an image file of child pornography being stored at Dropbox. (Id.) The National Center for Missing and Exploited Children ("NCMEC") confirmed that the girl in

this image is a real child.  (Id.)  Defendant admits that he distributed this image using his cell phone and the internet, and that by doing so, the image was transported in and affected interstate commerce.  (Id.)

On March 9, 2018, FBI agents executed a federal search warrant at defendant's residence.  (Id.)  During the search, FBI agents seized digital devices, including a black LG Android phone, a silver Samsung phone, and a gold LG phone.  (Id.)  A forensic review of these three devices revealed at least 2,131 individual image and video files containing child pornography.  (Id.)  NCMEC confirmed that at least 230 series including real child victims are depicted among the 2,131 child pornography image and video files found on defendant's devices.  (Id.)

Defendant knew the images and videos that he distributed and possessed on his electronic devices, including the images and videos described above, contained visual depictions of minors engaging in sexually explicit conduct.  (Id.)  Further, defendant knew that the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.  (Id.)  At least one of these videos and images depicted minor victims under the age of 12 being used for sexual acts, including infants and toddlers.  (Id.)  At least one of these videos and images also portrayed sadistic or masochistic sexual conduct involving children under the age of 12. (Id.)  The children depicted in these child pornography images and videos are real children.  (Id.)

In addition, in conversations with an undercover FBI Task Force Officer ("UC") and with other Kik users, defendant described his hands-on sexual abuse of a four year old child, a five year old, and

a seven year old child.  (PSR §§ 16, 22-24.)  Defendant also indicated his desire to travel to meet the UC's nine year old daughter for sexual purposes.  (Id. § 17.)

Finally, as a self-described gate keeper of CSAM chatrooms, defendant urged others to distribute CSAM of children under the age of 12.  The PSR describes examples of defendant's Kik posts at paragraphs 25-31.

**III. SENTENCING GUIDELINES**

   **A.   Offense Level**

In the PSR, Probation submitted the following Sentencing Guidelines calculations:

| Distribution Of Child Pornography | |
|---|---|
| Base Offense Level: [U.S.S.G. § 2G2.2(a)(2)] | 22 |
| Prepubescent Minor or Minor Under 12: [U.S.S.G. § 2G2.2(b)(2)] | +2 |
| Distribution in Exchange for Valuable Consideration [U.S.S.G. § 2G2.2(b)(3)(B) | +5 |
| Materials Portraying Sadistic or Masochistic Conduct or Sexual Abuse of an Infant or Toddler [U.S.S.G. § 2G2.2(b)(4)(A)] | +4 |
| Use of Computer [U.S.S.G. § 2G2.2(b)(6)] | +2 |
| More than 600 Images [U.S.S.G. § 2G2.2(b)(7)(D)] | +5 |

3

| | |
|---|---|
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| **Total Offense Level** | 37 |

(Id. ¶ 67-92.) Initially, the government notes that in the plea agreement, the parties stipulated to the base offense level of 22.[1] (Dkt. 38 ¶ 16.)

The government agrees with Probation's Guidelines calculations. (PSR ¶¶ 67-92.) First, the base offense level of 22 is correct because defendant was convicted of 18 U.S.C. § 2252A(a)(2)(A). (Id. ¶ 71.)

Second, the government agrees with Probation that defendant receives a two-level increase under U.S.S.G. § 2G2.2(b) because he possessed CSAM depicting prepubescent children. (Id. ¶¶ 72-73.)

Third, the government agrees with Probation that defendant is subject to the five-level increase under U.S.S.G. § 2G2.2(b)(3)(B) because he distributed CSAM "in exchange for . . . valuable consideration, but not for pecuniary gain."[2] (Id. ¶¶ 74-77.) Consistent with the Guideline at U.S.S.G. § 2G2.2(b)(3)(B), Application Note 1 explains that "[t]he defendant distributed in exchange for any valuable consideration" means defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other

---

[1] In the plea agreement, both defendant and the government reserved the right to argue for additional specific offense characteristics, adjustments, and departures. (Dkt. 38 ¶ 20.)

[2] This Guideline stands in contrast with U.S.S.G. § 2G2.2(b)(3)(A), which applies a 5-level increase when the exchange is for **pecuniary** gain.

person."  Examples of "valuable consideration" include "other child pornographic material, preferential access to child pornographic material, or access to a child."  (See U.S.S.G. § 2G2.2, Application Note 1.)

Defendant argues that Application Note 1 is an unreasonable interpretation of the Guideline language.  (Def. Sentencing Position at 10-11.)  But Application Note 1 merely describes examples of non-pecuniary but still valuable consideration in the context of CSAM distribution.  Indeed, Application Note 1 describes defendant's conduct in this case.  He maintained one or more Kik chatrooms in which he distributed CSAM to other members of the chatroom for the specific purpose of obtaining more CSAM, particularly of prepubescent children.  (PSR ¶¶ 25-31, 76.)

Fourth, defendant receives an additional four-level increase under U.S.S.G. § 2G2.2(b)(4)(A) because he possessed images portraying sadistic or masochistic conduct.  (PSR ¶¶ 78-80.)

Fifth, defendant is subject to a two-level increase under U.S.S.G. § 2G2.2(b)(6) because he possessed and distributed CSAM from his three cell phones.  (PSR ¶¶ 81-82.)

Sixth, defendant receives a five-level increase under U.S.S.G. § 2G2.2(b)(7)(D) because he possessed more than 600 CSAM images and videos.  Specifically, he admitted to possessing at least 2,131 images and videos.  (PSR ¶¶ 83-84, Dkt. 38 ¶ 16.)

Finally, the government agrees with Probation that a three-level reduction under U.S.S.G. § 3E1.1(b) is warranted, as defendant timely agreed to enter a plea of guilty as to count one of the Indictment.  (Id. ¶¶ 90-91).  Thus, the government calculates a total offense level of **37**.

### B. Criminal History Category

The government agrees with the PSR's calculation of defendant's criminal history category as I, based on zero criminal history points. (Id. ¶¶ 94-101.)

### C. Sentencing Guidelines Range

Based on a total offense level of 37 and a criminal history category of I, and accounting for the 20-year statutory ceiling on imprisonment, the Sentencing Guidelines range is 210 to 240 months' imprisonment. (Id. ¶ 156-157.)

## IV. VICTIMS

As of the filing of this position, the government has received victim impact statements from 27 victims -- all of whom were depicted in images in videos of CSAM possessed and/or distributed by defendant -- and submits their victim impact statements as follows. In addition, the government has received restitution requests from 20 victims, who also are listed below:

| Victim Name | Series | Statement | Restitution |
|---|---|---|---|
| Angela | Angela | Ex. 1 | Yes |
| April | Aprilblonde | Ex. 2 | Yes |
| Henley | Bluepillow1 | Ex. 3 | Yes |
| Maureen | Lighthouse1 | Ex. 4 | Yes |
| Mya | Sweet Pink Sugar | Ex. 5 | Yes |
| Pia | Sweet White Sugar | Ex. 6 | Yes |
| Jane | Cinder Block Blue | Ex. 7 | Yes |
| Jenny | Jenny | Ex. 8 | Yes |
| Anna | Middle Model Sister | Ex. 9 | Yes |
| Skyler & Savannah | Jan Socks3 | Ex. 10 | Yes |
| Sarah | Marineland | Ex. 11 | Yes |
| Tara | Tara | Ex. 12 | Yes |
| Lily | Vicky | Ex. 13 | Yes |
| Cindy | Cindy | Ex. 14 | Yes |
| Emily | Tightsngold | Ex. 15 | Yes |
| Leopardtight | Leopardtight | Ex. 16 | No |
| Sierra | Jan Socks | Ex. 17 | No |
| Hawaiian Purple | Hawaiian Purple | Ex. 18 | No |
| KE | Dalmatians | Ex. 19 | No |
| KY | Dalmatians | Ex. 20 | No |
| C | Dalmatians | Ex. 21 | No |

| | | | |
|---|---|---|---|
| Crosstattoo | Crosstattoo | Ex. 22 | No |
| Catchawave | Catchawave | Ex. 23 | No |
| Violet | At School | Ex. 24 | No |
| Balletgirl2 | Balletgirl2 | Ex. 25 | No |
| Mother Full | Mother Full | Ex. 26 | No |
| Sara | Sara | Ex. 27 | No |
| Ali | Zoofamily1 | N/A | Yes |
| Erin & Fiona | BluesPink | N/A | Yes |
| Taylor | RedGlassesCry | N/A | Yes |
| Cara | Motorcouch | N/A | Yes |
| Maria | Best Necklace | N/A | Yes |

## V.   THE GOVERNMENT'S RECOMMENDED SENTENCE

### A.   A Sentence of No More than 120 Months Followed by 20 Years of Supervised Release Is Appropriate for Defendant

Based on the government's agreement to recommend a sentence no greater than 120 months' imprisonment, defendant's Guidelines range, and the totality of the circumstances, the government recommends that the Court impose a sentence of 120 months' imprisonment.  This recommendation is equivalent to a five-level variance from the applicable Guidelines range and is sufficient.

That sentence appropriately reflects the nature and circumstances of the offense, accounts for defendant's history and personal characteristics, protects the public, provides just punishment, and ensures fairness among similarly situated defendants.

Defendant's conduct is serious.  He accepted responsibility for distributing CSAM and possessing over 2,000 images and videos on his phones.  He admitted that some of the CSAM images depicted sadistic or masochistic acts being performed on prepubescent children.  By using the Internet and Kik chatrooms to amass, consume, and distribute CSAM, defendant fed the market for such materials.  He also "in effect repeated" the psychological and physical wrongs of the child victims depicted in those materials, ensuring that their

7

"humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against" them.  Paroline v. United States, 572 U.S. 434, 441 (2014).  Indeed, as the attached victim-impact statements reflect, defendant's possession of child pornography perpetuated this exact kind of trauma on his victims.  (Exhibits 1-27; PSR ¶¶ 32-64.)

The Court also must consider any mitigating factors that exist in defendant's personal history and characteristics.  See 18 U.S.C. § 3553(a)(1).  Here, the government acknowledges that mitigating factors exist in defendant's personal history and characteristics, including that defendant was repeatedly sexually abused beginning when he was as young as five years old.  In addition, his step-father was physically abusive, and according to the PSR and defendant's sentencing position, it does not appear that other adults in defendant's life were able to protect him from the sexual abuse he suffered.  Finally, another mitigating factor is defendant's struggles with mental and physical health.

Last, under the totality of circumstances, the government's recommendation promotes respect for the law, deters defendant specifically and others generally, and protects the public.  See 18 U.S.C. §§ 3553(a)(2)(A)-(C).  Accordingly, balancing the aggravating and mitigating factors, the totality of circumstances support imposing a sentence of 120 months' imprisonment and 20 years of supervised release.

**B.    Restitution**

Defendant's conduct occurred after the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 was enacted, and therefore the government agrees with defendant that the statute does

8

not apply here.  However, defendant is required to pay full restitution to the victims pursuant to 18 U.S.C. § 2259 and U.S.S.G. § 5E1.1.

In the plea agreement, the parties made no agreement as on the amount of restitution.  The government is conferring with the defense concerning whether the parties can reach a stipulation as to restitution and will file briefing on this issue in the event the parties are not able to come to a stipulated restitution amount.  The government requests that a restitution hearing be scheduled sixty to ninety days after the sentencing, under 18 U.S.C. § 3664(d)(5), to fully account for any and all victim restitution requests.[3]

**VI.  CONCLUSION**

For the foregoing reasons, the Court should impose a sentence of (1) 120 months' imprisonment, (2) 20 years' supervised release, (3) a $100 special assessment, (4) restitution, which the United States requests under 18 U.S.C. § 3664(d)(5) be determined at a hearing sixty to ninety days after sentencing, and (5) no fine.

Finally, the government requests that the Court find that the 33 victims listed above are victims in this case.

---

[3] Probation also supports deferring the restitution hearing. (PSR ¶ 171.)

9