# Exhibit 1

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA Angela | Request Date: | 12/16/2024 |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

01/13/2016

*Updated Victim Impact Statement*

Aside from the horrible truth that my daughter was horrifically abused from the ages of four to seven and her innocence was literally stolen, one of the ongoing concerns that plagues my child is that literally any person she meets on the street (or any teenage boy in her class) might have seen photos of her being cruelly debased and abused. These images have taken on a life of their own as they are passed from pedophile to pedophile. Thousands of people have been arrested with her photos in their possession. My daughter fears that people will recognize her from the photographs and will find out where she lives and come harm her or her family. My daughter is an intelligent child and she knows that these men are pleasuring themselves sexually while looking at her picture. It has created a lot of anxiety, damage to her self-esteem, and irrational fears that will require a lifetime of support/counseling to manage.

In her mind, every man she sees is a potential threat (not just her original abuser). Imagine being in fear of every single person you meet. Imagine that a boy asks you to go to the middle school dance. Is he just dating you because he has seen your photos and wants to sexually assault you? Many of her peers are quite vocal about viewing pornography on their computers. She worries that one of them will see her photos. In the past, it was easier to quiet her fears, but now she realizes that the Internet can be used to 'find anyone, anywhere'. Always lurking in the background of her mind, is the possibility that she will be identified or attacked by a pedophile who has become obsessed with her pictures.

All of her friends have social media accounts, such as Facebook or other sites, where they post 'selfies'. But my child lives in fear of posting her image on the Internet, being recognized by a pedophile who has seen her photos, and being in danger. She loses friends because they cannot understand why she doesn't want to participate in these 'normal' activities. She is ostracized. She feels alone.

The embarrassment and mental anguish of knowing that those debasing photos are still in circulation is ongoing. I urge the courts to send a clear message that trading these images is not a 'victimless' crime. It is an unending violation of her innocence and allows her to be abused over and over again by new perpetrators.

With deepest sincerity,

Mother of the Victim

Case Name:    US v Rene Rodriguez

Docket#:    23-CR-00123-SA
            Angela

Conviction Date:    07/09/2024
Request Date:    12/16/2024

02/19/2014

*Victim Impact Statement*

As my daughter gets older, she is really starting to understand the enormity of what was done to her. She can see that we are drowning in hundreds of victim notification letters and emails. Her vague understanding (as a six year old) that other pedophiles have seen her pornography has been transformed into outright terror. She is fearful that one of them will recognize her in a public place, attack her, and rape her. There is a pervasive feeling of helplessness; knowing that her photos are "out there" and there is nothing we can do to stop their distribution. She has to carry the weight of that knowledge each day of her life. Although her bravery is astounding, this is a heavy burden for a twelve year old.

When my current husband was going to college, we had to move into a violent, low income, school district. She came home crying every day because of the violence she was forced to witness. It triggered all kinds of flashbacks of the abuse. The boys were starting to notice her body and were not shy about expressing their interest in her. Other girls were wishing for boyfriends and she was unable to relate to them, because she didn't want one. I actually felt it was best for her well-being to be in a private school, but we could not afford it. I wound up homeschooling her for an entire year. She is now back in a public school, but she still needs constant support with homework and describes feeling depression/fear/anxiety when around kids who act out, yell, argue or threaten others. Just last night, she cried for two hours due to her anxiety over being in the public school setting.

She knows that other kids get money from their father when parents divorce. I have had to explain that although there is a restitution order against her father for this crime; that we have not received a penny. It makes her feel worthless and used. She can't understand why other pedophiles are not also responsible for paying restitution to her. Deep down she craves justice, but is too terrified to face them in a courtroom. I know I can't replace my daughter's lost innocence. There is no way to quantify what has been stolen. My daughter spoke out against her father to save other children from becoming victims of sexual abuse. Please don't let that sacrifice be in vain. We appeal to the court system for mercy.

PLEASE find it in your hearts to demand monetary restitution for this kind little girl who has suffered sadistic sexual abuse through no fault of her own. Our hope is to send a message to potential pedophiles. Not only will you spend time in jail, but you will pay a fine for your crimes against children. Our hope is that this will serve to deter future pedophiles from viewing child pornography. It will also help me pay for the best treatment, education, and medication for her individual needs.

Respectfully Yours,

███████████

Case Name:      US v Rene Rodriguez                 Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                      Request Date:       12/16/2024
                Angela

August 17th, 2009

Statement to the Court

███████ has suffered horrible sexual abuse at the hands of ███████████ I am absolutely horrified that my daughter can not only describe what ejaculation looks like, but also what semen tastes like. I am saddened that when someone tells her she looks like a princess, that her mental image is of herself posing naked with a little diamond tiara. She has been through something that no one should ever experience—particularly as a child. New fears manifest themselves daily. When I go to hug her, she pulls away and is clearly uncomfortable with close physical contact. She will no longer kiss me good night on the lips or cheek. She is afraid of the shower and taking a bath and screams/cries when asked to wash. She frequently masturbates and cries/runs away when I have to apply any creams/lotions in the vaginal area to treat rashes. She is terrified of petroleum jelly and other lotions. She does not like to talk about what has happened to her and is very avoidant of the subject in both therapy and at home. ███████ hates her father for what he has done to her and realizes now that she was 'tricked' by someone she trusted. He threatened to kill █████ to get her to participate in these sexual acts. He also told █████ he would kill me if she told about what was happening. He showed her large knives and weapons and explained exactly how the people she loved would die. We had to move out of our house due to flashbacks of abuse (since it had taken place in almost every room of the house). When I was packing up, I actually had to call the bomb squad to remove several weapons including smoke grenades and live rounds of ammunition which had been hidden in the shed. ███████ has anxiety (difficulty sleeping) and is developing a very negative self image; vacillating between outbursts of anger and depression. She is also starting to refuse to respect adults and suddenly has developed a dislike of school, which used to be a place where she excelled. She has difficulty standing close to males and refuses any physical contact with them at all. She does not feel safe in new settings. I worry that, as an adult, she may think that she has to earn the love of a man by performing sexual acts. Most disturbing of all, is the fact that there is still child pornography of her available on the internet. There is no punishment great enough to repay what ██████████████ has done to an innocent child. ███████ has suffered the ultimate betrayal and I would be thrilled to know that he is behind bars where he belongs so she can begin her process of recovery.

# Exhibit 2

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | AprilBlonde (April) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:      US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                        Request Date:       12/16/2024
                AprilBlonde (April)

**'AprilBlond' Victim Impact Statement/November 2020**

Being a teenager is hard no matter what.  But because I had to live with a messed up person who abused me and put my abuse on the internet, my life will always be more challenging.  I want to be a normal teenager and it makes me feel angry and violated that I can't.

I have to feel afraid to have a social media profile picture of myself due to fears of being recognized. I am afraid that pedophiles who look at the images of my abuse could try to find me and hurt me or my family. As a victim, it is my right to be notified each time an image of my abuse is viewed. My mom received 22,000 notifications and I had to stop the notifications because it made me have panic attacks.  It also makes me feel weird, uncomfortable, anxious, and sad. It's hard to imagine 22,000 people have seen or shared images of my abuse. It makes me sick to think about how many people there are in the world who don't care they are supporting child abuse.

It is difficult to trust people because I wonder if they have seen the images of my child abuse and are a pedophile. I get nervous when a person looks at me too long or just more than a passing glance. I wonder if they are putting together who I am from an image they saw on the internet. I feel scared, anxious, and angry I could be abused again if a person recognizes me who saw the images of my abuse. I have had to go to therapy to learn to talk about what happened.  I might have to continue going for the rest of my life because the images will always be there.  It's hard to trust people  and when I'm older and want to get married it might be hard to feel close to someone. I hope to have children when I'm an adult.  I know I will be very over protective, paranoid, and struggle to let them be independent because I fear they will be abused.  Instead of those years happy, they could be really hard for me and I might have to get help to deal with those feelings.

As a child I didn't have a choice what happened to me.  Now, I have to suffer twice;  the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible.  It's impossible to cope with and accept that I have to live with the images of my abuse being available on the internet indefinitely. These images will live on the internet longer than I will live.  It's very possible I could have to go to therapy for the rest of my life because of this.  If the feelings get too bad, I could have to take medication to help.

I can't get support from my close friends and family about my feelings because I'm paranoid and anxious that if I tell them, they will go to the internet and try to find and look at the images. It feels like nobody knows how I feel. A coping skill is supposed to make a person feel better.  It's hard to feel better about knowing I can't do anything about the images of my abuse being put on the internet and people using those images.

# Exhibit 3

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | BluePillow1 (Henley) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez              Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                  Request Date:       12/16/2024
              BluePillow1 (Henley)

Victim Impact Statement

Henley

They always say you never truly know how something is going to affect you until the time comes. I have come to find, from personal experience, that this is beyond true. I am a Survivor of sexual abuse and exploitation. My father groomed me for sexual abuse from the time I was 5 years old. For many years he engaged me in numerous sex acts, which he photographed and videotaped. When I was 12, my father was arrested, and the police came to my school to make sure I was safe. After my father's arrest and conviction, I received counseling for a number of years, but I was not able to forget what happened, or that the photos and videos continue to be circulated among pedophiles. Having received therapy and knowing that the person who created this whole situation will be in jail for the rest of his life does not end the consequences. The effects of the abuse still follow me around to this day and will forever. Although I have come to terms with what happened to me, I fear I may never be able to heal completely because it never ends. It is like constantly having a scab ripped off a wound that is trying to heal.

The fact that I am struggling to write this statement, to tell the court the devastating effects of the ongoing circulation of my sex abuse images is yet one more challenge I face as a result of the crimes against me. My childhood innocence was stolen and continues to be exploited on a daily basis by strangers. Knowing that I cannot retrieve the photos or videos, nor can I remove them from the internet and dark web makes me feel helpless and powerless.

When I turned 18, I asked not to receive VNS notices because I just couldn't bring myself to confront the mountains of evidence that images of my abuse were being circulated. I really just wanted to act like it wasn't happening. However, when I came to understand that 1) I didn't have to get the notices; a lawyer could get them for me, and 2) if I "opted out" of the notices I also opted out of restitution, I realized that my decision to avoid knowing what was happening with the images of my abuse, and the ongoing crimes against me, was making my life harder, not easier.

I have struggled to put the past behind me, but it is impossible, because the most unexpected "trigger" can cause the past to come screaming into the present. I am simply not able to wipe it out or pretend it didn't happen.

The effects of the ongoing abuse are irregular and unpredictable. Every day is a new challenge and I never know what's going to happen. I never know what type of day I'm going to have, due to PSTD, anxiety and triggers. Anything can set me off: the smell of a certain cologne, how certain males look, hearing the name Jessie (what father called me), hearing my father's name, smelling weed. I have made every effort to try to lead a "normal" life, but I am often derailed, by some unexpected thing (that might seem harmless to someone else) that causes me extreme anxiety and panic attacks.

Among the things I experience on a frequent (but irregular) basis:

- I am scared to leave the house in fear that someone will know who I am and either put me in danger, or make me feel less of myself, or draw attention to me in ways I do not want
- I have extreme fear of being alone especially at night; I lock all my doors anytime I'm showering or changing clothes

Case Name:      US v Rene Rodriguez
Docket#:        23-CR-00123-SA
                BluePillow1 (Henley)

Conviction Date:   07/09/2024
Request Date:      12/16/2024

- I have trouble trusting in relationships, communicating, and feeling valued for more than just my body
- I fear that the fact that I am a victim of these crimes could affect my ability to get a job in my chosen career
- Knowing that my photos are forever on the internet and there is nothing I can do about it and having to tell people (prospective employers, for example, or friends who don't know my history) and explain my story is deeply embarrassing. I often feel that I have to justify or explain the most intimate, personal and degrading details, and I also fear that people judge me, that they make assumptions about me, and that I am marked or tainted.
- I constantly question my self-worth, if I am really loved for me, if I'm being cheated on, if I'm not good enough, etc. My own insecurities threaten my relationships.
- My reactions are often out of proportion to events
- I am unable to trust or be comfortable in intimate situations, even with my fiancé.
- When it is really bad, I have full blown anxiety attacks to point I can't breathe, see or move and I may start to scream, or be horribly rude to the people around me, or pass out, not remembering what happened when I wake up.
- My PTSD affects my work due to excessive absences as a result of anxiety attacks or having to take longer breaks/ lunches in order to calm down. My employer doesn't understand why I act the way I do when getting hit on by people who are trying to do business with me, when people flirt with me or make comments about my appearance, or even general the fear that a client or customer knows me because he has seen my images. One time a customer said, "I'd love to see you with just your glasses and nothing else." I had to leave; couldn't brush it off. It completely sent me sideways.
- I often feel that my needs, desires, security are secondary to others

Just having to keep my identity secret to protect myself and insure my safety from pedophiles who have seen my image is a struggle. I am aware of multiple people commenting on the photos and videos, and contacting people saying they know where I live and my whereabouts (a few have come close to finding my address). I have had to change my name, not own property with my name or mother's name on it, and have a safe-at-home program so my information is on no public records, making it hard to do just about anything from get my license to opening a bank account.

Multiple people have sent "fan mail", made comments on the internet and/or contacted law enforcement stating that if I didn't like what was happening to me I "would have stopped it sooner" or "she needs to do the internet a favor and grace us with her body again" and other vulgar and horrific things about my photos, videos, body and what they call "service" to the porn community. I have been approached multiple times in public by either "fans" or individuals who knew my abuser, making it crippling to go anywhere, especially go anywhere alone. While it is distressing to me to know how many people have been caught by law enforcement, it is even more distressing to realize how many have not been caught.

I feel guilt and shame, even though I recognize that I am not responsible for what happened to me. In many ways, I still feel like a child, trapped, powerless, paralyzed, unable to stop or prevent the ongoing abuse.

Case Name:     US v Rene Rodriguez
Docket#:       23-CR-00123-SA
               BluePillow1 (Henley)

Conviction Date:   07/09/2024
Request Date:      12/16/2024

As I've gotten older, I've been asked to model. Unfortunately, while that could be a lucrative career, that cannot be an option for me, as I don't want the pedophiles who are looking at the images of my childhood abuse to know what I look like now, or to place myself in danger. I don't want any more photos of myself on the internet! And I am unwilling to allow someone else to own photographs of me.

I am always suspicious of people I don't know, and even of people I know only casually. This underlying suspicion causes me to constantly keep people at an arm's length.

I desperately want to "recover" or at least minimize the effects of the ongoing circulation of photos. I do not want to succumb to hopelessness or depression. I would like to be able to seek therapy and be able to pay for it. I do not currently have the funds to do so.

I would like to find a career where I can progress, contribute and feel a sense of purpose and accomplishment.

I would like to be able to feel confident about myself, to feel deserving of love, to be able to express my love for others, and to banish my fears and insecurities.

I don't know if those things are possible, as long as the images of my childhood sexual abuse continue to be downloaded and possessed by strangers. I feel that the least that these people who don't know me (and who I never want to know!) can do is contribute to my recovery.

The foregoing statement is true, under penalty of perjury and 28 U.S.C. §1746

Dated this _10th_ day of May 2019.

# Exhibit 4

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Lighthouse1 (Maureen) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

> a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

> b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

> c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

> a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

> b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

> c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

> d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

> a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

> b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

> c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez
Docket#:    23-CR-00123-SA
Lighthouse1 (Maureen)

Conviction Date:    07/09/2024
Request Date:    12/16/2024

To whomever it may concern,

One in five women and one in 70 men will be raped or sexually assaulted in their lifetime. Nobody is really safe. I don't trust anyone around my children or myself. I always carry pepperspray when I leave my home. I always am hyperaware of anyone who crosses my path. I stay vigilant of anyones eyes who linger to long on me for fear someone might recognize me.

I find that the justice system is failing children and people of these crimes. I knew a man who molested a child and only got five years in jail. Ruined a child and only got five years. This happens to often. Men, women, and children after such a crime is commited against them should not have to worry about crossing paths with these people.

Being a victim of this kind of crime becomes permanetly suspicious. If someone calls you pretty or says you look good you can't help but feel like they have an ulterior motive. You have to think if they are thinking of you in a sexual manner. Nobody should have to feel like this.

Case Name:   US v Rene Rodriguez
Docket#:     23-CR-00123-SA
             Lighthouse1 (Maureen)

Conviction Date:   07/09/2024
Request Date:      12/16/2024

When Justice isn't served for the victim you feel as though the court has supported the criminal. These people do not change. Offenders with a previous sex offense conviction have a 37% re-offense rate. Sex offenders that will commit another crime, non-sexual in nature is 70%. On top of all of these facts only 10% of sex crimes actually end in a criminal conviction.

The victims need support now. Many like myself have PTSD, need counsling, or some other form of help. The courts need to start making a difference for these families. People need to know that sexual assault, rape, and molestation of anyone will not go unpunished.

A

Exhibit 5

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Sweet Pink Sugar (Mya) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:      US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                        Request Date:       12/16/2024
                Sweet Pink Sugar (Mya)

### VICTIM IMPACT STATEMENT-SWEET SUGAR VICTIMS

When I became a mom, never did I once think that my children would become
victims of sexual exploitation. Abused and molested over and over again through
online child pornography. Sexual predators watching my little girls being coerced
into performing degrading acts of cruel and violent abuse. My child's body being
violated incessantly. They are my babies.  Their well-being is my concern. How are
they protected from individuals such as this person? Individuals that willingly
upload, possess and share videos of them? Individuals who find arousal in their
abuse.

 I don't even know how many people have seen the images of my daughters' abuse. I
myself have not, and I don't want to. I do know this: my little girls were forced to
satisfy an adult man's sexual appetites with no regard for their own fears or feelings.
Their participation was coerced and concealed by someone who exploited them for
the enjoyment of himself and others, such as the defendant. Had people like the
defendant not sought out these images of abuse my daughters might not have been
forced to endure the physical invasion of their bodies and their privacy. It is because
the defendant, and others like him, value those images for their own depraved
pleasures that my daughters are repeatedly re-victimized by the circulation of their
images.

It is hard for me, and for them, to comprehend that there is no way to remove their
images from the internet. The worst time in their lives has been permanently
captured and perpetually kept in circulation by the people who share their images.
It can never be in the past for them; it is always in the present, and it keeps on
happening.

My daughters cannot express their helplessness at their images getting passed
around from defendant to defendant. They have no words for their anguish, so they
act out. They each have had emotional outbursts that are completely out of
proportion to whatever might set them off. I am certain that their development has
been adversely affected, and I do not know how to help them come to terms with
what they have experienced—and what they continue to experience. I worry that it
may never be possible for them to "recover" from the ongoing abuse because their
images are on the internet, or "the dark web" all the time. I fear that they may not be
able to grow beyond it because they are forever those innocent little girls, caught in
those images that are repeatedly viewed by the defendant and his ilk.

My youngest child is reluctant to use the internet, even when she had a school
assignment that required her to go on the internet to find information for a project!
The internet is an instrument of her abuse. For her, it is a fearful thing, not a tool for
knowledge. The knowledge that others have witnessed and even enjoyed her abuse
is sickening to me, and intimidating to her. I wish there were a way I could hire a
tutor to help her learn how to use the internet and not to fear it, but, I don't have
those resources. However, I know that one of the ways that she will be able to
recover is to gain mastery over the things she fears—like the internet.

Case Name:      US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                        Request Date:       12/16/2024
                Sweet Pink Sugar (Mya)

At times my children are full of anxiety, and they do not know how to express it.
Often they refuse to speak of what upsets them; they cannot tolerate any reference
to the fact that their abuse images are circulated.  They would like to just bury it,
but, they are not able to keep it buried, and it re-emerges in unexpected and
unpredictable ways—often anger, but also sadness, hopelessness and depression. I
believe that my daughters worry that others will learn what has happened to them,
and that they will be shunned, ridiculed or victimized  by other kids, and, for that
matter, by adults, who also don't know how to react to the reality that my daughters
have to cope with.

The enormity of their reality is hard to comprehend, and it is an awful lot to ask a
child to absorb. All three of my daughters are embarrassed and humiliated, knowing
that images that portray each of them in a sexual manner are available for strangers
to see. They are afraid, as I am,  that they will be recognized by those who have
downloaded the images of their abuse. At times they have even tried to style their
hair in ways that hide their faces, to prevent themselves from being seen. The girls
are often moody, sometimes withdrawn, uncommunicative, sometimes tearful,
occasionally paralyzed and unable to complete tasks that they are quite capable of
completing, appearing to be unmotivated, unable to concentrate, and overwhelmed.
It is as if each of my children has a huge burden that she has to carry, and all of her
energy goes into carrying that burden, so she has less energy for everything else in
life. My daughters don't want to be defined as victims, but they cannot escape their
victimization, and they can never put it in the past, because it is ongoing. .

The ordeal of a forensic evaluation, which will take approximately two days, may re-
traumatize my daughters by requiring them to recall and discuss the specific events
that resulted in the images that the defendant obtained. My daughters have shown a
lot of courage by their willingness to undergo a psychological evaluation.  Initially,
the two older girls resisted any participation in this process, because it is so painful
for them. I recognize that it is difficult for them to have to be further exposed by the
criminal justice system—to have to "prove" that the defendant's actions have been
harmful to each of them personally. I myself have questioned whether this is fair to
them. I resent that they have to be put through a further ordeal (of an evaluation) to
show the court, and this person who has harmed them, just how badly they have
each been hurt by those who look at their pain for pleasure.

Neither I nor my children knows: who has seen their images? What do people
assume or believe about them, based upon what has been circulated on the internet?
When we go to a public place, like a mall, a theater, a sporting event, I wonder: who
here has seen my child's abuse? Like my children, I am suspicious of everyone, and I
no longer believe in the goodness of other people. I fear that strangers may come
after my child, seeking to perpetuate or re-enact the abuse they've witnessed,
perhaps even trying to kidnap one of them. My children and I are defensive and
fearful in ways that other children don't have to be—because they are not literally
exposed on a regular basis by strangers, like the defendant.

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Sweet Pink Sugar (Mya) | | |

I know that my daughters need treatment to be able to cope with the effects of the continuing circulation of their images. They need to be able to work with a therapist who can help them come to terms with what is their new reality and the continuing effects of the circulation of the sexual abuse images. Yet, they have each shown remarkable courage and resilience, and despite everything, I am still hopeful for their future. I believe that they will each require years of therapy, well into adulthood to continue to deal with the effects of the ongoing violations and the impact this has as they develop over the years, and particularly as they start becoming aware of their own sexuality. I understand, from what I have learned throughout these past several years, that my daughters are at greater risk for physical and psychological problems. I have tried to get them help, but my financial resources are limited.

One of my daughters, "Ava" has a serious medical condition for which she has been hospitalized. Her condition is aggravated by stress. Knowing that her abuse images are circulated on the internet is stressful, and it affects her physical health and her medical condition, as well as her emotional health.

I have had to focus on just providing the basics for my children: housing, food, clothing, schooling. I need to be there to earn the money to support us, fix the meals, do the laundry, clean the house, maintain the car, pay the bills, get the kids to and from school, supervise homework, and the millions of other tasks large and small that mothers do. I do not have a college degree, and I am working as hard as I can to provide for my family. I am doing the best that I can, and it takes all that I have. I, too, have struggled with depression; I, too, have felt overwhelmed with the responsibilities that I have. . As the parent, I try to be strong, but feel very weak. I am overcome with grief; I feel dead. I myself have been diagnosed with Post-Traumatic Stress Disorder.

I know I don't have the expertise to know how best to approach these matters with my daughters, and it is also overwhelming to me, on top of everything else. There is no one I can go to for advice; there are no other mothers I know who have these issues! And I don't have time, money or energy to get help for myself; my children need help first and foremost, and they are my priority. I have had to delicately handle my older children's emotional turmoil that they have experienced due to their knowledge of these crimes. . How will this crime affect their future? My own mind can't even comprehend why an individual would seek to possess, distribute and watch images of my children being abused. I want to protect them and keep them safe. My well being is at stake. Insecurity runs rampant through all of us. It is a daily struggle to maintain strength. The uncertainty of who is watching or viewing my exploited children is killing me!

My children have had their innocence stolen by this defendant, who had no right to have viewed their abuse images. My children have to live the rest of their lives knowing that they were and are still being looked at and watched. I understand that their images are "collected" by offenders. My children's images have been traded, and trafficked, and they have become contraband! But they are human beings. This

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Sweet Pink Sugar (Mya) | | |

defendant has damaged, demeaned and de-valued my children.  He or she may tell the court they are sorry, but there is no actual responsibility for the ways that my daughters have been harmed by their actions.

My daughters are still children. There is so much that they do not and cannot yet understand, and so much heartache ahead of them, as they come to understand the extent to which their images are circulated. The defendant, of course, is an adult. He/She knew that this conduct was wrong,. Most self respecting adults would seek to protect a vulnerable child, but the defendant continued to put my children at risk with no thought of the impact that his/her behavior would have on my children.

I fear that people who don't know us will believe that my daughters, or I, somehow did something to deserve what has happened, and blame us, instead of those who keep their images circulating. It troubles me that I have to defend myself, and them, when we did nothing to deserve what has happened to us. Unfortunately, I have learned that there are people who would threaten my daughters' safety, and even their lives. The defendant may be one of those people, or the defendant's actions may have exposed my girls to one of those people. I fear that my daughters have now been exposed to pedophiles and predators who would do worse than what has already been done, who would torture, maim or even kill them. I feel we need security--a security system, with cameras, and alarms, to prevent people like the defendant from getting physical access to my daughters. I believe that such a system would cost several thousand dollars—that we do not have. The defendant has placed my daughters at risk of further harm, and they and I live in fear for their safety.

Their little bodies are supposed to be their most valuable possession, and not intended to be available for unlimited exposure. They become powerless through the defendant's actions. I want to know how many times the defendant indulged in watching my children be abused. How many other pedophiles did he or she share the abuse with? I want to make it clear to anyone who has viewed my children's abuse that my children are not sexual objects or toys! These children are my pride and joy. I love them more than anything in the world. Being a mom is all I have ever dreamed of. What I didn't ever dream of is their lives being crushed by this horrendous crime. I am writing this statement to the court to speak on their behalf. I am determined to be their advocate.

I am asking the court for justice for my daughters, who have been exploited by the defendant. My children have to live the rest of their lives knowing that they were and are still being looked at and watched by strangers.  My daughters have suffered for years, and will suffer for many more years to come, and the defendant has contributed to their suffering. No amount of money can restore what the defendant has taken from them—and what they are exposed to by the continuing circulation of their images to others, with no regard for them. I am asking the court to order the defendant to pay restitution for the invisible but very real wounds that the defendant has inflicted on my daughters.

I swear and affirm under penalty of perjury that the above statement is true.

Date: _Sept 27 16_

Mother of "Sweet Sugar" Victims

# Exhibit 6

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Sweet White Sugar (Pia) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:   US v Rene Rodriguez                    Conviction Date:   07/09/2024
Docket#:     23-CR-00123-SA                         Request Date:      12/16/2024
             Sweet White Sugar (Pia)

I

## PIA'S VIS

I want to let you know how difficult writing this victim impact statement has been for me. Every time I am asked to either explain, write and or describe details of the horrific sexual abuse I endured as a little girl, emotional hijacking sweeps over me and I seemly enter a trance of disassociation . My life as I would describe it, and others would probably agree with me, has been far from manageable. The unending pain and trauma completely engulf every part of my body.  I was just a toddler, when one day,  fate stamped itself upon me. Just a young child that had no choice but to solely entrust my life to the hands of an adult. An adult who was supposed to protect me from harm, teach me right from wrong and love me in such a manner that cultivated and enforced a future of what a healthy relationship was supposed to look like. In my preschool to kindergarten years , I was groomed to believe that sex or sexual actions between children and grownups was completely acceptable and normal. Some days, instead of watching cartoons,  I would spend my time with a supposedly trusted adult who normalized child pornographic material. This normalization took place by subjecting me to possibly hundreds of child exploitation videos repeatedly at any opportune moment. With the help of various child sexual abuse material, I was conveniently raped by my abuser over and over again. Based on evidence collected by law enforcement it could possibly be determined that I was raped and sexually assaulted on a daily basis. I was between the ages of anywhere from three to six years old!!!  Raped in such a way, that to me, it was a fun game. I was told never to tell anyone about our "fun" games or else the "fun" would have to stop.  To keep me from telling anyone, my abuser warned me not to tell anyone because it was just our little secret. Quite often I was  bribed with candy as well. When this initial abuser was caught, they admitted the abuse had spiraled out of control. They had become desensitized to child rape and child sexual abuse material themselves. They admitted they were always hungry for more.

Now let's fast forward a few years. I am older now and my understanding of what happened to me is greater than I wish I could remember.  The extent of the damage that was done to me then and that continues now is incalculable. I have countless flashbacks that haunt me as I sleep. I am anxious and scared . I can't even leave the house alone.  I am fearful of people. The abuse that happened to me is in hyperactive state and is known as one of the top downloaded series of child sexual abuse material that is circulating on the dark web. Child predators have saved and shared images and videos of my tiny body lying naked and contorted in provocative ways. My privates are no longer private.  My smile, my laughter, and my innocence have all been taken from me.  How I am portrayed in those pictures and videos is not how I want to be perceived. That little girl is dead. All you child molesters and pedophiles who took it upon yourself to download, view, save and share my inappropriate pedophilia merchandise have taken part in murdering me. Yes, murder. I call it murder because you blatantly premeditated your motive and actions against me. Therefore, you should be held accountable and take full moral responsibility. Because of people like you, I have secluded myself from enjoyment of a fulfilled life,

Case Name:     US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:       23-CR-00123-SA                          Request Date:       12/16/2024
               Sweet White Sugar (Pia)

this is the only coping mechanism I believe that I have to protect myself. I feel that I
am damaged beyond repair. I want the memories to vanish. Even when I'm truly
dead the memories will still somewhere be in existence. The evolution of technology
is my nemesis. I cannot escape the abuse, nor can the abuse escape me.

February 8, 2024                              

# Exhibit 7

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | CinderBlockBlue (Jane) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA              Request Date:       12/16/2024
              CinderBlockBlue (Jane)

**Victim Impact Statement**
Jane – Victim in the *"Cinder Block Blue child pornography series"*
February 8, 2015

<u>Question:  How has the sexual abuse that you suffered impacted you?</u>
I have lots of hatred toward my father.  If I could, I would hurt him just as much as he hurt me.
He is still causing me pain.  It is still affecting me.  I have a lot of anger.  There are so many
things to be angry at in the world.  I didn't used to be like this, I used to be shy and calm.  I have
intense emotions, I feel angry or sad, and it is hard to calm down.  The sadness is terrible in
intensity because I won't stop crying and the anger is really bad too. I feel hopeless, like nothing
is going to get better.

The abuse made me more fearful of the outside world.  I'm definitely a more nervous person
than I used to be.  Everything makes me nervous.  I walk into a room and I'm really nervous.  I
always feel like something is going to happen.  I get this terrible feeling.

I'm definitely not as social.  I have terrible trust issues.  I'm really different around guys.  I
cannot have a guy doctor.  I just get really nervous and stuff.  It took me way longer than a
normal person would to get along with my stepdad. I still don't call him Dad.  It is kind of a, not
a good word anymore.

I feel annoyed about others knowing.  Because one person knows it could become a big spiral of
everyone knowing.  I don't tell everyone, only [two friends].  I'm hoping to keep it that way.

I'm kind of fearful of any sort of violence.  Like if you lift a hand or look like you are mad, it
freaks me out.

All the marijuana he gave me, I think damaged my brain.  I have such horrible memories from it.

I don't want him to ever get out of jail and come and try to find me.

<u>Question:  How has the existence of the images and videos of the sexual abuse impacted you?</u>
I know there are like hundreds of pictures and videos on several websites.  Other people post
them, they are probably everywhere by now.  It is all across the country and probably in different
countries too.  I know you can't delete them.  It just makes me like freaked out and I know it is
never going to stop.  It is just going to keep on.  I'm sure most of them are passing it on to other
people.  People are going to come across it more frequently.  They tell their friends and their
friends see me.

Knowing people are watching what happened gives me a mix of anxiety, sadness, anger and it
disgusts me.  If they see a video of me, they know everything that went on.  It doesn't help with
my fear at all.  If it wasn't out there, I wouldn't be as fearful as I am now.

It scares me. I'm definitely afraid of running across someone who has seen them and recognizes
me.  I know for sure I'll run into people who have seen them.  It gives a more likely chance I'm
going to run into someone and get raped and stuff because someone recognizes me.  I would not

Case Name:    US v Rene Rodriguez                Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                     Request Date:       12/16/2024
              CinderBlockBlue (Jane)

feel safe if they approached me. I don't feel safe when I am by myself. If I am alone I will be carrying a lot of pepper spray.

I'm always in the midst of someone who has seen the videos. Like in this town. I feel self-conscious. It freaks me out and makes me want to hide myself. I know it is definitely going to affect my social life. If I ever run into someone like that it will make me even more distrustful than I am. Even the thought of it makes me just want to stay inside and not come out and see the outside world.

I feel terrible about being a part of it. I feel guilty even if I didn't do anything. If anyone sees them they'll think I did it for the fun of it, like I actually liked it. The people that watch it, I'm sure they get off on it and like to think that I liked it. But he always made me be good for the videos. It could just give more hope to them because they could say, "Oh, they made so many videos. I'll be able to do that." They'll probably get off on it and stuff and do that to their kids.

<u>Question: How do you think the existence of the images and videos of the sexual abuse will impact your future?</u>
It doesn't give me a very bright future. I don't see myself ever getting a husband. I'm just attracted to not all that good people. I don't see myself having children. I don't want kids because I'm just so fearful of something happening to them, like a school shooting, rape, or their dad ends up being a psycho. I see a lonely future.

I don't think I'm going to make it very far, like the social problems I have. Like I'm going to walk into a job and not to talk to anyone. When I first went to school I thought about kids going on the Internet and knowing who I am. I fear that I'd get weird looks and I wouldn't make friends easily. I like being accepted by people and that would definitely not help. There are some jerks out there that would bully you about it.

I always wanted to be more famous, to be a famous animator. I know that will never happen to me. It would come out, the whole world would know. Even not being famous, it could still get out there. One person could tell another and it goes on and on and the whole town knows. It is what happened in [the town where I lived], it happened there. What is to stop them from telling a person in another town?

<u>Question: How long do you think your problems will last?</u>
Up until my 40s or 50s or something.

# Exhibit 8

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Jenny | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:     US v Rene Rodriguez                     Conviction Date:     07/09/2024
Docket#:        23-CR-00123-SA                          Request Date:        12/16/2024
                Jenny

Victim Impact Statement

"Jenny"

I'm 18 now and so I am writing this to have my own voice in my victimization when I was a child.

I was only seven when my predator began molesting me and photographing me. It went on for two years before they found him on the internet sending pictures of me to men. Then they found me after arresting him, but my life has never been the same. I have lived my life uncomfortable with men and boys around. I am always conscious of my clothing and making sure no one can see any parts of me. I worry about the pictures of me that are out there and I hate that others see them. I have feared over the years that someone would recognize me in public. I wish only that every single one can be found and destroyed someday. It is upsetting thinking about them and I want them to go to jail for doing it.

Not many people know what happened to me and if they know anything it is not the whole truth. I don't want people to know and I want to forget it but I cannot do that all the time. I want to shut off my brain so many times.

I want my perpetrator to stay in jail forever and I fear when he gets out. It has been so hard to trust anyone, even family and friends sometimes, since he did those things to me. I went to therapy for a while but I stopped because I just wanted to forget it. With the pictures still out there I can't.

# Exhibit 9

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Middle Model Sister (Anna) | | |

## Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:      US v Rene Rodriguez                Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                    Request Date:       12/16/2024
                Middle Model Sister (Anna)

The name I go by is Anna. I am a victim of child sex abuse and child pornography. I was sexually abused at a very young age, starting when I was 4 and ending when I was 6. I was abused at the hands of my father. He was part of an international child pornography trading ring. He shared the horror he inflicted on me and because of that, people are still viewing my abuse for their pleasure.

When I started receiving the email notifications from the U.S. Department of Justice I was 18, and only then did I start to understand the full extent of what my father had done to me. I had always known the images were out there, but it wasn't until I was older that I was finally able to understand that what he had done was wrong. Not only had he abused me but he had allowed others to share in that pleasure he got from abusing me. They love what is being done to me, they want more. They wish they had me.

There are and will be so many people out there taking pleasure in watching me suffer, in watching the most terrifying and humiliating moments of my life. Not knowing who has seen you in your most vulnerable moments is a horrifying thing. I can't help but wonder when men look at me if they've seen me like that. When men look at me in a certain way, it reminds me that there are still people looking at my images forcing me to remember that I am still vulnerable and exposed. It will never stop. I can't move on. I am helpless to do anything about it.

There's a constant feeling of violation, distrust, and anxiety. The extent of my sexual abuse being shared constantly affects my life. When I was in high school, I was a great student. I was in the top of my class, captain of my sports team. An ambitious student. Then at 18, my past resurfaced when the FBI agent reached out to me. My world started to change, I started doing poorly in school, eventually failing out of University. I started engaging in unhealthy relationships with much older men. I have and still struggle immensely with insomnia. At night

Case Name:    US v Rene Rodriguez              Conviction Date:   07/09/2024
Docket#:        23-CR-00123-SA              Request Date:     12/16/2024
                 Middle Model Sister (Anna)

the anxiety becomes unbearable and I struggle every night to fall asleep. I started drinking to cope with this newfound understanding of my situation. I stopped moving forward, and was stuck in this place. I want to emphasize that these behaviors are completely uncharacteristic of who I believe myself to be.

I had finally come to understand that the pictures of my abuse were going to be out there forever. My past continuously haunts me and is much harder to leave in the past when I know others are still watching.

My childhood was stolen from me, but because there is this record of my abuse, it continues and will forever affect my life in ways words cannot express. My images will probably always be circulating the internet, but this person is perpetuating this. This person chose to view the images of my abuse for their pleasure. By having done this they are allowing and encouraging more young victims to be groomed, they are normalizing the sexualization of children, and they are watching the abuse a non-consenting child had to suffer.

I implore you to understand that this person is primarily why I continue to suffer. I ask the court to order restitution in addition to other punishment so that they are held fully accountable for what they've done to me. Also, that I may begin to build a life where I can be healthy, strong, and safe.


Sincerely,



Anna

*Anna is my pseudonym to keep my identity private; my true identity can be confirmed by speaking with my attorneys

Exhibit 10

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Jan_Socks3 | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:     US v Rene Rodriguez
Docket#:       23-CR-00123-SA
               Jan_Socks3

Conviction Date:   07/09/2024
Request Date:      12/16/2024

VICTIM IMPACT STATEMENT FOR SKYLAR AND SAVANNAH

I have so many concerns regarding the future of my children as a result of continuous repetition of the horrendous abuse they endured while in their biological home, that they continue to face each and every day as people view and pass along pictures and videos of their innocence being taken away. Each time someone views this abuse, they re-abuse my children. Pornography is not a victimless crime. In this case, the children being abused are mine. I am being asked to write my fears and my concerns for their future. What a hard letter this is to write when I try to focus on their future, not on their past.

 I try very hard to teach them that their past and these images do not define their future. We go to therapy at least one day a week, but often more.  I emphasize to them that they are good kids. They think that they are bad. The shame of what happened to them affects them daily. They are confused. We teach them over and over that they are innocent and have no reason to feel that shame. Then they share what happened to them with their friends and their friends no longer want to be their friend. They are confused. If they were not bad, why should they hold their past a secret? Because it is not their past, it is their present and future. It is a daily occurrence that someone is viewing and passing these photos and videos around. They are being victimized every day. How do you explain that to a child?

They want to sleep over at their friends' homes. I do not let them. If my eyes have been opened to anything, it is how sick our world is and how many people think that it is okay to exploit our children. These people look and behave normal on the outside. They could be my neighbor, my co-worker, my friend. They could even be a relative. They could be my children's friends' parents. If these thoughts occur to me, chances are that they will occur to my children when they come to the understanding of how many people have seen these videos and continue to see them. I am afraid for them. How will they ever feel safe in the outside world? What if their teachers or college professors recognize them? What if the grocer at the store recognizes them, their boss at their job?

I raise self-sufficient, happy independent  and successful adults, not kids. That is what I say. That has always been my goal with my grown children, and now with my adopted children too. Yet the challenges of doing it with these children are greater. They think that they are bad. They think that they did something wrong and deserved the abuse they endured as a child. I can build them up. I know I can do that and I am seeing it happen before my eyes even today as I type this. But they have PTSD. It takes one small thing to trigger a memory and cause a relapse. They see a couple kiss. Bam. They see a person dress sexy. Bam. They have images in their heads about what a party is that no child should have. They get that birthday party invitation. Bam.

Other kids get to use the Internet. Even in school, the Internet is the turn to resource for this generation of children. Almost all jobs somehow revolve around the Internet. I worry that they will google their names. We all have done it. I worry that they will google their abusers' names. What is going to pop up? Are they ever going to be safe when using the internet?  You mistype one small thing on a google search engine and you may come up with something totally inappropriate that will stir up their PTSD. I have to be careful with what they watch on TV, movies that they might want to see.  Even health classes have the potential to break my children down emotionally. We walk forward one step every day and back

Case Name:        US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:          23-CR-00123-SA               Request Date:       12/16/2024
                  Jan_Socks3

two. This is while they are in the safety of our home. Once they are out in the real world, we will no longer be there to guide and protect them on a daily basis. The shame will eat them alive and effect everything they do.

My daughter has a beautiful voice and would love to sing in public. She had a solo in a school play last week. She knows this song in and out and has been singing it all day long, every day. We all know this song inside and out now too. During the performance, parents pulled out their cameras. She froze. The cameras scared her. This was not normal stage fright. She has sung in front of bigger audiences where the lights on the audience were out and she could not see them. It was not the audience that made her frightened.  It was the cameras that scared her.

My children have nightmares on a regular basis.  They have been known to pinch and hurt themselves. Savannah lives in a fantasy world as often as she lives in a real world and often confuses the two. They spend more time than most kids at the doctors with a variety of aches and pains that have no explanation. Their anxiety is through the roof. Skylar shuts down around people she does not know and won't defend herself. Savannah becomes super overly friendly and will say or does most anything to impress or get their attention.  She is very sexually oriented yet at the same time terrified of it. They cut up and destroy their clothing or their toys. Savannah goes through a pair of sneakers a month as she intentionally tears the sole off of them.

My husband and I are not young parents. We will not be here for them forever. Their care will fall on my older children. I need to have them able to take care of themselves but I worry how their future will be once they realize the true extent of these pictures and videos. I need them to be able to separate themselves from the abuse that happened but the videos and pictures will be constant reminders of it. In order to deal with this is a healthy manner; they need to know that none of this was their fault and that the people possessing the videos, the sharing of the videos, will be held accountable. Only by stopping the future spread of these videos do my children have a chance to grow up to be the independent, self-confident adults that they deserve to be.

Each person who possesses or shares the videos and photos of my children's sexual abuse need to pay restitution to help them overcome the fear and anxiety and troubles they suffer because of it.  Please contact our attorney Carol Hepburn, 200 First Ave W Suite 550, Seattle, WA  98119  (206) 498-8668 about restitution.

MOTHER OF SKYLAR AND SAVANNAH

Exhibit 11

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Marineland1 (Sarah) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Marineland1 (Sarah) | | |

## Multiple Victim Series Disclaimer: Marineland

Current as of April 19, 2017

There are four known victims in the Marineland series. Of those four, so far only one (who uses the pseudonym "Sarah") has been identified and provided a victim impact statement and notification preference form. In order to ensure that the victim impact statement for this series corresponds to the child in the photo(s) you have charged, please contact the case agent for this series and have him/her identify the child[ren] in the photos you have charged.

Sarah is also seeking restitution. Her attorney of record has asked that you contact her directly with any questions:

Carol Hepburn
200 First Ave., Suite 550
Seattle, WA 98119
Office Number: 206-957-7272
Office Fax: 206-957-7273
Cell Number: 206-498-8668
clhepburn@earthlink.net

Case Name:      US v Rene Rodriguez            Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                 Request Date:       12/16/2024
                Marineland1 (Sarah)

## VICTIM IMPACT STATEMENT

I am writing to tell you what it is like for me to know that pictures of what my father did to me are on the internet. I am told that there is a known group of my pictures that is labeled the ████████ series. My natural father sexually molested me when I was a child. First he woke me up at 3-5:00 in the morning on school nights to take pictures. First the pictures were of me with my clothes on, then he made me take my clothes off for the pictures. Then he made me look at pictures of other people—men and little girls —who had their clothes off. He said it would give me ideas. As things progressed he started molesting me and taking pictures of me in more and more private and uncomfortable poses. He molested me with his own body parts and sometimes with a vibrator. He took many pictures and I know now that he sent those pictures to his "friends" and many other people on the internet.

My father is now in jail and will be for a long time. And I am not a child anymore. But I worry that the people he sent my pictures to will come after me and try to do the same things to me again. I worry that the pictures of me and what he did have been passed on and on and on to many other pedophiles and any one of them or more could be in my neighborhood or at the store I go to or anywhere around me. I don't go out of my house unless I have a friend with me I really trust.

I am afraid that someone from the police will call and tell me that they found more pictures on other people's computers. Every time someone else sees pictures or videos of me it feels like they are the ones who hurt me to begin with. It feels like they are the ones who did this to me, like they are my father and they just want to use me for their own pleasure. It is like I am just here for other people's pleasure and am not a person myself with my own wants and needs. If you are looking at pictures or videos of me, or any other child for that matter, then you are hurting every one that you look at. Anyone who looks at those horrible pictures of me or other children are abusing us. Anyone who looks is keeping my pain going for the rest of my life. I cry at night because of this. Even though I don't know the names of all of them, I know that they are out there and I am afraid that they are all around me. My fear keeps me from doing things that other girls my age could normally do, like go to school or have a job or be social with more than just the very small number of people that I really trust.

I need help. I have never been able to have any counseling or therapy or someone to talk to to help me deal with my fears and nightmares and my problems in getting along in life. I have medical conditions too, and the stress I have from my fears makes my pain worse. I am only able to work in things I can do at home, like child care. I would love to have a daycare business, but my medical conditions are so much worse due to my stress that I cannot work and have had to give up caring for the children that did come to me.

I ask that the judge who sentences anyone who is convicted of having or trading my pictures make that person contribute to the costs of a counselor for me. I am told that a

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Marineland1 (Sarah) | | |

good counselor for the problems I have will cost at least $100 every time I see her.  I would like to be able to do this so that I can get the help I need to get on with my life.  I have no ability to pay for any counseling costs.  I have no job, but would like to have one.   I hope that the court will help me by granting me restitution from the people who have and trade my pictures.

DATE: 5 - 30 - 14

Exhibit 12

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA Tara | Request Date: | 12/16/2024 |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez                        Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                             Request Date:       12/16/2024
              Tara

## VICTIM IMPACT STATEMENT

Your Honor,

If someone produces and/or distributes CSAM, I believe they need to serve time incarcerated.
Many know me as "Tara," but few truly understand that the production and distribution of CSAM has had on my life.

Imagine being a young teenager yearning to experience "normalcy" like others your age, but you did not have a normal childhood, remember? Because your name, face, and body have been plastered all over the dark web, you are threatened by online child predators. You are manipulated by consumers of CSAM online who pretend to befriend you, only to post your conversations in a chat room with other consumers. You are verbally and sexually harassed online by CSAM consumers, encouraged to commit suicide even. Anonymous people find you on social media, call you by your infamous given name of "Tara", and send you images of their genitalia or even images of you being sexually abused.

Imagine being known as "Tara," a label that you never chose yet have been haunted by as well the painful memories that are tied to it. You just want to break free from this title, which for so long has enslaved you.

Imagine being in high school, confiding in a trusted peer regarding your tainted childhood only for him to become jealous of your current dating relationship. He decides to create anonymous accounts on social media and sends CSAM of yourself to both you and your dating partner.

Imagine attending college and being notified by a close friend that a potential predator has contacted them in search of you. This individual tells your friend that they are a reporter and discloses your childhood trauma. They tell your friend that they know where you go to college and try to persuade your friend into sharing information about you. But your friend thankfully does not.

Imagine having panic attacks right before moving out on your own. You have never had these before, and you are quite surprised yet terrified due to feeling as if your throat is closing in and you are having a heart attack.

Imagine being in your 20s, undergoing counseling yet again because having a healthy relationship with a male seems nearly impossible due to the betrayal and sexual objectification you seem to have experienced since you were a young child. You ask yourself the question, "Will someone ever truly love me for who I am at the core— a soul— or will they just be infatuated with my flesh?"

Imagine desiring to have a family of your own someday, but you worry if the experiences from your childhood will endanger your own children. You fear that consumers of CSAM will target your children due to their disturbing obsession with you.

Imagine believing that in the future you must inform your children of your sexually exploitative childhood at some point early on, in hopes to prevent them from undergoing the torment that you went through.

Imagine feeling like you are constantly living in a hypervigilant state, always on the lookout for danger. You desire connection with others, yet you fear what lurks in the shadows, both in-person and online. What if they know you as "Tara?"

Imagine that images and videos of your sexual abuse are still circulating online throughout the world to this very day. You are revictimized every single time one of these images or videos is viewed, downloaded, or sent to another individual.

Imagine that you are a young adult in the process of finding yourself and trying to create a life that produces both joy and purpose. Despite the online sexual exploitation and negative effects that it has bestowed on your life, you are still trying to live, not to merely exist or survive but to thrive. This has been a challenge, but you refuse to give up.

Imagine you are me.

Sincerely,

████████████████████

Exhibit 13

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Vicky (Lily) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA              Request Date:       12/16/2024
              Vicky (Lily)

### Series Disclaimer: Vicky
Current as of December 2023

This victim has provided her own statement (March 2023) as well as a statement from her mother and step-father (both dated October 2010). The victim has indicated that she wishes all three statements be used by prosecutors instead of, and not in addition to, any other previously provided statements. However, should you require any previous statements by the victim, please email Nicole Borrello at nicole.borrello@usdoj.gov.

Please note that since the victim has reached the age of majority, only she has the right to be heard by the court pursuant to 18 U.S.C. § 3771(a)(4). However, the victim has requested that the statements of her parents be provided to the court along with hers, to be heard in the court's discretion. *See United States v. Matthew*, 449 Fed. Appx. 542 (8th Cir. 2011); 18 U.S.C. § 3661.

The attorney of record has indicated that she has a video of Vicky reading her victim impact statement and it can be made available upon request. If you feel the video would be more helpful in your case, please contact the attorney directly.

For questions regarding restitution and/or the video statement, please contact:

Carol Hepburn
1319 N. 43rd Street
Seattle, WA 98103
Office Number: 206-957-7272
Office Fax: 206-957-7273
Cell Number: 206-498-8668

Case Name:   US v Rene Rodriguez
Docket#:       23-CR-00123-SA
                Vicky (Lily)

Conviction Date:   07/09/2024
Request Date:      12/16/2024

Your Honor,

I write to let you know how being a survivor of child sex assault material  (CSAM aka child pornography) crimes is still affecting me despite the original hands-on trauma I suffered being years in the past.

I worry about being recognized still and about safety for my children and me. Even as an adult, when I hoped I would not be worrying about this anymore, people I have not seen since childhood still recognize me and say I haven't changed. I am still aware of the spread of the CSAM of me and how widespread and actively traded it still is. I am also aware that I still need to be very careful online as there are still people looking for information on what I am like now. Again, I really hoped that perpetrators would lose interest by the time I reached this age, but there are still things being posted across multiple platforms that indicate that it is still an issue.

Of course, there are ongoing court cases which affect me emotionally and cause distress. I wish there weren't any cases and that people had stopped downloading and sharing these images and videos, but it is still happening. While I have put buffers in place, such as my lawyer receiving victim notifications, I still receive multiple requests for information on an almost weekly basis and it is just really sad. It grieves me and it angers me. I've considered the alternative of not participating legally anymore, but that feels like it would bring much more grief because I would not be able to do anything to fight back anymore and the out-of-control feeling would be much worse. At least legal proceedings give me some action to take to advocate for myself, or rather, for the younger part of me whose terrible moments are captured in the imagery. It's what I can do, but it certainly takes a toll.

Grief, anger, disgust, nightmares, difficulty trusting people I don't know well, these are all things I feel or experience regularly when I think of the CSAM activity, which is daily. I feel that I have healed quite as thoroughly as one can, from the original abuse and I rarely think of it. What I do think about is who has seen these images of me and what have they done with them. Are they using them to harm or groom others? I know they have been used to make copycat versions of CSAM of me, but with other children here in the US and in other countries and it breaks my heart and makes me so angry. It makes me feel used constantly. It hurts how I view the public that so many perpetrators have been caught with these images. I also believe that it impacts my health because of how it affects my sleep and the emotional strain on my body most especially my nervous system. As I work and advocate against it, I also fear retaliation as there have been people in positions of power and prestige that have been caught with these images.

**Triggering**

I am still triggered by cameras and others photographing or recording me. Sometimes by public security cameras. Sometimes by webcams, which is especially difficult in this

Case Name:    US v Rene Rodriguez                          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                             Request Date:       12/16/2024
             Vicky (Lily)

age of zoom calls and telehealth. I get triggered by unknown callers calling me or people showing up at my house that I don't know (such as salespeople). I get triggered by some movies and shows that reference child sexual abuse or that sexualize children. I do try to avoid shows that do these things, but sometimes programs surprise me. I get triggered by news headlines about these subjects, which are frequent now.

I still have intrusive memories of seeing the images of myself in CSAM on the screen. These images can infiltrate my dreams. I have intrusive thoughts about how dark the world can be and how hard it is to keep children safe from so many people wanting to prey on children, especially in this age of technology and social media. Sometimes I just get really, really, angry about it and feel like there is nothing I can do. It's hard to talk about as well. Some days it makes me really sad, and that sadness just hangs over me all day. Some days I feel really anxious about it all day and have a sense of dread like something bad is going to happen.

I find myself checking my locks frequently, googling my name online, dissociating for a while in the form of zoning out, needing a friend to come over, not being able to sleep, and not wanting to be around people and so canceling plans even though I am naturally extroverted.

### Nightmares

I still have regular nightmares about naked/CSAM images of myself being spread across screens in an uncontrollable way. Sometimes in the dreams it will pop up on a screen and I will try to delete it and it will just multiply every time I try and spread more and more. These dreams bring up a feeling of panic, fear, and feeling like I have no control over the situation.

I also have regular nightmares about male intruders breaking into my house to harm me or kidnap me. In the dreams, these intruders are people who have viewed the CSAM of me and have become stalkers who want to do harm to me. These dreams also lead to feelings of panic, fear, and anxiety.

I still struggle with sleep. My body still goes into "fight" mode or a more hypervigilant state often at night. When I do sleep, I sleep so lightly that any noise wakes me up because my brain is still alert for danger.

### Dissociation

Dissociation is a symptom that I still have to fight whenever I am triggered or if my stress level gets too high. Sometimes, I don't notice that my stress level is getting too high until I start to dissociate. I do tend to dissociate more frequently at night, most commonly while getting myself ready for bed. Sometimes this happens while checking the mail from my mailbox. I think this is because of receiving the abundance of victim notifications years ago. I have worked in counseling about this, but it's a tricky thing for me to resolve. For me, dissociation looks like staring off into space while my mind

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA               Request Date:       12/16/2024
              Vicky (Lily)

wanders to a period of time and feeling detached from my environment. Noises, like someone talking to me will snap me out of it, or I will come out of it on my own. Then, I have to check how much time has gone by. 10-15 minutes is pretty typical. 20-40 min is an occasional length. It does sometimes happen in public places like stores or gas stations when I get triggered. In those cases, I have usually been triggered by cameras or an uncomfortable interaction with a stranger. Once I realize that I have dissociated, I can use coping skills to get myself regulated again. However, while in a dissociated state, I am not aware that I am until I come out of it. Based on others who have observed me in this state, I've been told I look still, wide-eyed, scared, or sad, like I'm frozen in place. If I'm sitting, I'll have defensive body positioning, and I don't talk. When this happens and I'm not feeling present, it takes away from joys in life and negatively impacts my nervous system.

**Therapy**

I have been able to stay with the same therapist for several years. Early on, I had trouble finding a therapist who was not overwhelmed by my issues and the fact that I continue to be a crime victim every day. Few therapists I have met understand what the experience is really like and many can bypass important things. I (and other survivors that have talked to) have spent a lot of time educating our therapists on the issue. Nevertheless, having found a therapist I can connect with, I have continued to be in therapy regularly. Utilizing therapy of different modalities including parts work (IFS), identity work, EMDR, Trauma focused CBT, narrative therapy, and somatic therapy have been the most helpful. Traditional CBT has not been as helpful, specifically with the CSAM issues, because the reframing tends to invalidate real fears and feelings about the situation.

**Knowledge of the circulation of my images.**

Knowing that images and videos of my sexual abuse as a child continue to be distributed on the internet causes an unending grief. I believe survivors have a right to know about the circulation of their images and need to be given that self-determination. It feels like a part of myself is always caught up in this terrible circulating and painful loop. It makes it feel hard to rest all of the way. Sometimes I feel a bit haunted by it. Not a day goes by that I don't think about that, although I try to keep those thoughts limited. I still want to have compassion for the parts of myself that feel it and make some room for them. It is something that I am continually learning how to cope with, especially as each stage of life brings up different ways of thinking or feeling about it.

Yes, my experience now is different than my experience of it ten years ago. I had assumed that it would affect me less by now than it does. I am more conscious of the systems in the world that perpetuate cycles of exploitation and oppression that contribute to the spread of CSAM and I feel more angry now than I used to. I feel angry at more groups and systems. My kids are around the ages that I was when sexually abusive things happened to me including the creation of CSAM; seeing how innocent my children are makes me understand more -- not just how vulnerable I was--

but also even more how sickening it is that perpetrators view the images of me being sexually abused at those ages. It hits me harder emotionally. I have less patience and tolerance when speaking about these issues now. I get angrier when people don't get it. I feel less hope about my own CSAM situation getting better than I did a few years ago, although I still do try to feel hopeful that CSAM issues overall will get better in the future by being less available online and with children being better protected. I feel lucky to have been able to continue my education, albeit much more slowly due to the many symptoms I experience.  I also feel lucky to be in a position to help other survivors though I am tired of fighting so hard.

Thank you for reading this statement and I hope you will think of me when you make your decision.

Date: 3/22/23

Survivor, aka "Lily"

Case Name:     US v Rene Rodriguez                 Conviction Date:    07/09/2024
Docket#:       23-CR-00123-SA                       Request Date:       12/16/2024
               Vicky (Lily)

Victim's Impact Statement – Mother of Victim Vicky Series            October 1, 2010

Your Honor and ladies and gentlemen of the court:

My daughter was raped and sexually abused in so many horrible ways, as a child, by her biological father.  He also videotaped her abuse, as he ravaged, raped, and pillaged her 10 year old body.  This sick man shared these repulsive pictures and videos of her on the internet for perverts like himself, to see.  The sexual abuse she suffered at the hands of her father, without a doubt, started her agonizing pain, but this is certainly not where her pain ends, or mine.  Yes, the memories and trauma of her abuse still haunt her, and our family, but, now, there is a new abuser.  The new abusers are the sick individuals who down load her pictures, and enjoy watching her being sexually assaulted as a child.  This sickens me!  Every time these pictures of my daughter are looked at and passed around, the depraved people doing this are furthering my daughter's pain, shame and abuse.  They pass it around like some dirty magazine, when in fact it's the footage of an abused, helpless child.  There are days when the pain from this is unbearable for me.  These vile people increase her pain, and mine.  These are certainly not the hopes and dreams I had for my little girl; this life of pain and shame.  It is so terribly sad and painful, to watch her struggle with this.  These awful people are raping my little girl all over again, by cruelly enjoying her pain and deriving some sick sexual pleasure out of it.  The knowledge of this sends me into mourning; mourning the loss of my child's dignity and well being, and mourning the fact that she suffers such deep pain.  I have watched her suffer so much already and it kills me.  I have to watch her suffer still, at the hands of people wanting to view the nightmare of her abuse, as her innocence was being robbed.  She was a child and helpless, and made to do disgusting things she did not want to do.  Approval from her biological father came only when she carried out his every dirty command.  He posed her, insisted she say certain things, and made her force a smile as he was brutalizing her.  When I think of my daughter being groomed and posed and make to feel so dirty in these perverted, and depraved pictures, and videos, it hurts me to the core.  I wonder how there can be people that could actually enjoy watching my little girl getting raped, and sexually abused.  I wish they knew how much it hurts, and how much they are worsening our pain.  Knowing that these disturbing videos of her and her abuser are being viewed, and are continuing to foster this corrupt sexual behavior, bring a lot of pain, stress and shame to her.  At the cost of here dignity, modesty, and innocence, people viewing those images of her, are furthering the terrible addiction of child pornography for themselves and others they pass it on to.  Those images are not who my daughter is, or ever wanted to be, but because she was robbed of her innocence, forced to do ugly things, and it was videotaped, she is continually being viewed as someone she is not.  She is in fact the opposite.  These offenders are still victimizing and torturing her, bringing pain and shame every time they look at those images of her.  As her mother, I share in this heartbreaking pain and the sadness this brings to me is unending.  These viewers need to understand that there is a helpless little girl on the other side of these videos, whose innocence and childhood were shattered and viewing these things make them a part of the abuse, and unimaginable pain my daughter, and our family have to face all the time.  Making viewing, and downloading child pornography is wrong and a crime.  I hope everyone can know that child pornography is not a victimless crime by the statement I've shared with you about my daughter, and our family's constant pain and struggle.

Case Name:    US v Rene Rodriguez          Conviction Date:   07/09/2024
Docket#:      23-CR-00123-SA              Request Date:      12/16/2024
              Vicky (Lily)

Victim's Impact Statement – Mother of Victim Vicky Series          October 1, 2010

**Update 10/01/2010**

Now as a young adult, my daughter's life is still very hard and she still struggles so much, due to her sexual abuse and it being constantly viewed.  I also struggle.  It is so devastating to know your child's life has been brutalized, and to make matters worse, it has been released to the public for any deviant, at the press of a button, to view and continue this sickening process of enjoying my daughter's pain.

Although, she is making progress and growing stronger, this still has a major grip on her life, as it also does on mine.  She has never had a boyfriend, due to trust issues and fear of relationships.  She does very well in college and is trying to open herself up more to her friends, and fellow students.  This is going to be a continuing process.  She feels like she is marked with a scarlet letter because of her victimization and rape, marking her with shame.  The pornographic images of her are out there continually being viewed, and will continue to be forever.

If I could quote my daughter in something she often says in describing how she feels about these people downloading her images….If you can imagine having a bad picture of yourself taken, one that you're really embarrassed about ….now picture yourself naked, being raped and abused and hurt at the age of nine or ten….your pictures of abuse at the hands of someone else are now being viewed for anyone to see at the touch of a button on a computer…..these viewers are even interacting with your images of abuse.  That is how she feels everyday……wondering who is going to see her next.

As I write this impact statement I find myself drained because of the emotional strain and pain that comes from reliving this horrible ongoing crime that terribly affects me and my family.  It's a huge sorrow every day of my life, and my daughter's life, knowing her images of abuse are being traded, viewed, and inter acted with, by sick people using her nine year old body as a sexual thrill. To know these perverted people want to partake in, and are excited about the horror of your child's little body being raped over and over again makes me sick!  These viewers know she is a child. They can very clearly see that.  It makes no difference to them.  They're the reason my daughter and our family have to keep reliving this horror of her abuse because they keep it going.  They keep viewing it and passing it on to others.  She didn't have a choice….they do!!  Their choice is traumatizing my daughter and exploiting the broken pieces of her life.  These viewers made the choice to descend to the lowest degree and rape her with their eyes , and with their minds,  as she was being robbed of her innocence at 9 years old. I feel robbed every time I get notified of another case involving my daughter's images.  I feel like some part of her is being taken and used and abused every time I hear of another perpetrator.  Can you imagine how hard it is for her to regain her self esteem, dignity, and well being?  It confuses me that some people in powerful positions can believe this is a victimless crime…..not only is our daughter a victim, but our family is also.

As her mother, the sadness of what has happened to her and what is still happening to her is unending.  They say time is a healer of all wounds, but I have yet to feel this pain sub side.

Child pornography is a crime and those viewing it are committing a crime that always hurt the child or children who are involved.  It is destructive in every way to the viewer as well. This crime needs to have severe consequences because of the devastating pain, fear, and shame it causes children.  This pain

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              Vicky (Lily)

Conviction Date:    07/09/2024
Request Date:       12/16/2024

Victim's Impact Statement – Mother of Victim Vicky Series                    October 1, 2010

does not end for the child or their families, but continues on for the rest of their lives.  I wish I could take away my daughter's pain and give her back what has been stolen from her.  I cannot, but I am asking for accountability from the individuals who have hurt her and are continuing to hurt her.  For my daughter and countless others who are victims of such a terrible and painful crime; please grant us justice today!

Sincerely,



Case Name:     US v Rene Rodriguez                   Conviction Date:     07/09/2024
Docket#:       23-CR-00123-SA                        Request Date:        12/16/2024
               Vicky (Lily)

## VERIFICATION

STATE OF ▮▮▮▮                                  )
                                               ) ss.
COUNTY OF ▮▮▮▮▮▮                               )

I, ▮▮▮▮▮▮, being first duly sworn on oath hereby certify and affirm that the
victim impact statement I have given is true and accurate to the best of my knowledge
and belief.  I submit the statement to the court for its use in sentencing proceedings in
cases which involve the images of my daughter.



SUBSCRIBED  AND  SWORN  TO  before  me  this _16_ day of _October_,
2010.

PRINTED/TYPED NAME:  CAROL HEPBURN

NOTARY PUBLIC in and for the State of
_____ , residing at_____ .
My Commission Expires ___11-6-13___ .

Case Name:    US v Rene Rodriguez                Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                   Request Date:       12/16/2024
             Vicky (Lily)

Victim's Impact Statement – Step-Father of Victim Vicky Series                October 1, 2010

To whom it may concern,

My family has endured five years, to date, of a living hell because of the selfish, perverted actions of a very sick and evil individual.  My daughter lived with this pain and trauma for six years prior, unable to tell anyone because of the fear she had for her biological father.  We thought we were dealing with one "bad apple", but as time goes by we are finding that there are more and more of these sick individuals that are viewing, and sickly satisfying their awful desires.

We still have the haunting memories of the letters in the mail, and emails letting us know of all the individuals that are being prosecuted because they have our daughter's images, child pornographic images, on their computer.  We don't' receive the notices anymore, the pain and gut wrenching reminder of receiving enough notices to over flow a 55 gallon drum is more than my family can take.  It's also unfathomable to know there are so many perverts in this country and around the world.  It sickens me and hurts me to the core knowing that so many perverts are viewing my little daughter as she was made to dress up like a hooker, and is molested and raped time and time again.  I am heartbroken knowing that I couldn't protect my daughter.  The letters and emails brought that pain up again and again and I couldn't deal with that, knowing her innocence has been torn away and now how she is continually reminded that her pictures will be there forever!   This father's heart is broken.

My daughter carries her shame like a scarlet letter.  She knows that if a friend or acquaintance looks her up on the internet they are going to find the ugly, horrible, awful history that eats away at her self-esteem and paralyzes or inhibits her ability to function at school and as a normal young adult. She knows that this is the challenge that she has to live with, but the horrible trauma continues to take its toll on her body and soul.  The constant reminder that her pictures are out there brings forward the guilt and shame, which cause nightmares and makes her want to isolate herself from others.  Each time she hears about these cases she looks so strong on the outside, but when you sit and talk with her you see the pain, you hear the struggles and feel the sadness, despair and the emotional drain that it causes.

My family is asking for Justice with each case that is brought forward with these perverted individuals.  We are hoping and praying that they can understand how wrong they are and how hurtful their actions are for each victim in the pictures and videos on their computers.  We want them to know that they have a choice to decide to view the images, or not, and because they have chosen to view these child pornographic images they are victimizing each child viewed… bring back the pain and suffering these children have already had to endure.  Our Justice System needs to protect these children from the preying eyes and hands of these perverts, because they can't fight back, or don't know how to.  Our Justice System needs to understand that there is a victim in each of these images, and each time a picture is downloaded these children are victimized again and again.  Please help these perverted individuals understand the significance of what they are doing and how each child is a victim because each child has done nothing wrong.

My daughter is the strongest person that I know and I am so proud of her.  It is extremely sad to see how this horrible situation continues to beat her down emotionally and physically.  She still has trouble sleeping due to nightmares of the horrible trauma she went through, and also of new people finding out

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              Vicky (Lily)

Conviction Date:    07/09/2024
Request Date:       12/16/2024

Victim's Impact Statement – Step-Father of Victim Vicky Series                    October 1, 2010

who she is, or unknown people finding her and abusing her.  She also has severe stomach aches and headaches that incapacitate her, causing her to miss school and work.  I pray that she can heal from the trauma that her biological father did to her and from the constant reminders that each of these sick individuals bring with each download.  I also pray for the rest of my family.  The crimes against my daughter have had untold effects on our other children, my wife and myself.  This "living hell" that I first mentioned is a day-to-day ordeal that can raise its ugly head at the most in-opportune times.  Like my daughter, we are sometimes paralyzed by the trauma that comes from being the parents of a sexually abused child.  The sad fact is this doesn't end, because my daughter's images will be out on the internet forever, continually reminding her and us of how fragile we all are.  The internet is such a powerful tool, but child pornography, and how it perpetuates the re-victimization of children is an extreme consequence to our society as a whole, but specifically to our vulnerable children.

Our society views our children as precious little gifts that we should love and protect.  Some sick, perverted individuals use the internet as their evil play ground to share and use in their sick, fantasy world.  They choose to do this. They choose to push the buttons.  They make a decision to download and view.  Actions sometimes have consequences, and when actions like this happen the consequences should be powerful and lasting.  Give my daughter her justice, so that she may completely heal some day.

Respectfully,



Case Name:    US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                         Request Date:       12/16/2024
              Vicky (Lily)

p

**VERIFICATION**

STATE OF ____                           )
                                        ) ss.
COUNTY OF ████                          )

I, ████████, being first duly sworn on oath hereby certify and affirm that the victim impact statement I have given is true and accurate to the best of my knowledge and belief. I submit the statement to the court for its use in sentencing proceedings in cases which involve the images of my step-daughter.

████████████████████

████████

SUBSCRIBED AND SWORN TO before me this _16_ day of _October_, 2010.

_Carol_____

PRINTED/TYPED NAME:  _CAROL Hepburn_

NOTARY PUBLIC in and for the State of ____, residing at__
My Commission Expires ____ _11-6-13_ .

# Exhibit 14

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Cindy | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:       23-CR-00123-SA                        Request Date:       12/16/2024
               Cindy

**<u>Victim Impact Statement</u>**

Being sexually abused is something you never forget, no matter how hard you try.  But when you have photographs of your abuse on the Internet, presently being viewed by others, it makes it even more impossible to keep it in your past and move on from it. It is like the abuse is still happening.  In those pictures of me, there is a girl, trapped there, saying "please rescue me."  And instead of seeing a girl being used and abused in that picture or pictures, these men decide they would rather revictimize me by using the pictures for their own sick sexual desires, and trade them with others so they can do the same.

How do they know that the girl in the picture is grown up now? They don't. And therefore instead of getting the child in the picture help and telling the police, they are allowing the child to continue to get hurt, whereas if they found a picture like that and turned it in, they could help the child.

If they think for a minute that they are not responsible because they did not take the picture or see me in person, they are dead wrong.  For example, if that was a picture of someone murdering someone and they came across it and didn't let the police know, they could be liable for what they did not do because they withheld evidence.  Because by not reporting what they saw they said it was okay that that happened to the person.

Imagine how you would feel if someone took your child's, your sister's, or even your photo and masturbated to it?  Would it bother you to know that people you don't know are fantasizing about you sexually, especially as a child who is supposed to be protected and innocent?

I remember being forced to pose for some of the pictures and even at around 8 years old I remember feeling used.  I often feel the longing inside for that childhood I never had.  The effect of the abuse has not only robbed me of my childhood years, but remains in my young adult years as well. **I have had to work through a lot of turmoil in my life.  I have suffered greatly with depression and low self-esteem.  I used to be suicidal which led to many psychiatric hospital stays.**  When I was 18 I had to leave high school and go to a residential treatment facility.   I should have been going to prom and having all the high school senior moments that are forever important memories to people, yet I have none.  Instead I was working on learning how to live with severe depression, self-harm and suicidal thoughts.  I was in that program ten months.

My first attempt at college was a disaster.  I ended up in the psychiatric ward almost more than I was in classes. I couldn't deal with the debilitating depression and self-hatred. I had to drop out of college after that year because I couldn't complete my second semester.  So I was still depressed, even more hopeless and now thousands of dollars in debt from school and hospital stays. I was so depressed I couldn't go to school, let alone get a job.  I knew I would have to go to another program.  Again, at a time in my young adult life where I was supposed to be having fun and enjoying life, I was forced to deal with the aftermath of sexual abuse and the never-ending effects of having pornographic pictures of me as a child on the Internet.

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA              Request Date:       12/16/2024
              Cindy

For a short time in college I opted into the victim notification system, where each time a picture of me came up in a case I would get a letter letting me know. After a month or so and countless notifications, I realized just how many people were viewing and using these pictures of me.  I couldn't handle it so I opted right back out of it. It was an overwhelming and very re-victimizing experience realizing the reality of the situation.

After completing an 18-month program a little over a year ago, I am now living as "normal" a life as much as I can for me.  I am doing well, but I must take medication to manage the depression every day.  I have to go to counseling twice a week to make sure I keep on track. I can't work because it is too much for me. I am on disability.  I can only take so many classes at once because I get overwhelmed easily.  But I am doing better than I have in the past and I am proud of myself.  I cannot let my past get to me, but it is a job to keep myself from letting that happen.  I planned to be a lot farther in life than I am right now, but after all the hard work I have done, I am proud of the accomplishments that I have made.  Yet there are still so many ways that my life would be different today if I had not been sexually abused and constantly reminded of it by the fact that people can still find, view, and send the pornographic pictures of me as a child online.

# Exhibit 15

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Tightsngold (Emily) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez
Docket#:    23-CR-00123-SA
Tightsngold (Emily)

Conviction Date:    07/09/2024
Request Date:    12/16/2024

### Victim Impact Statement of Emily –
### The victim of the "tightsngold" Series

I learned early in my life that personal privacy, even the most intimate kind, can be ignored and disrespected by the adults who are there to love and protect us. I am very protective of my personal life, particularly the shameful events that began in my early childhood and continue to this day. It has been impossible for me to find peace about what happened because I know that images of my abuse and exploitation continue to be observed and shared without my permission. It is difficult to describe how violating and hurtful it feels to have pictures of me and my abuse recklessly exposed and exploited by others for their sexual pleasure. The knowledge that countless people today and countless more tomorrow are masturbating and ejaculating to my sexual abuse and then passing my images along for others to do the same, is deeply painful and humiliating.

My original abuser was my father. This disturbing reality, of course, has its unique consequences that I live with every day. I realize that I have experienced an unthinkable betrayal that no child or adult should be forced to face, but it is my experience and, at age 18, I am doing my best to make sense of it all and to live my life without feeling trapped, confined, or defined by the abuse. In short, I try to put this nightmare out of my head and live a typical teen's life, but that is never truly possible. Not as long as perpetrators selfishly and carelessly continue to use the worst moments of my life for their sexual pleasure.

The abuse and exploitation continue to impact me in ways that I do not like to think about. It is probably not surprising that I have difficulty trusting others, even those closest to me, particularly males. Maybe that is why I have not had a boyfriend yet, but I would like to. What is worse for me though is this underlying fear that I am never truly safe. This probably explains why I am afraid of the dark and being alone. I sleep with the light on and a flashlight next to me, and I try to avoid anything scary; Halloween is a difficult holiday for me. I am very uncomfortable in the company of strangers and I am hyper alert to people around me on the bus, train, at the supermarket, mall, or movie theatre. I used to have night terrors when I was younger, now I just have nightmares. I try not to remember. I try to keep the memories tucked away, so that I can maintain control of the present and not be anxious or sad. I am told I am a resilient and optimistic person. I think that is true. I try not to dwell on the negatives, but they are a part of who I am and reflect my experience. I try to live happily, but the demons are there still, and I am reminded of them each time I receive a notification identifying yet another one of my abusers.

It is my hope that those who have exploited me will experience a consequence that reminds them everyday for the rest of their lives that they have sexually victimized a child and that this human being is still hurting about what they did. I want them to understand how I have been victimized by their self-focused acts and poor judgment. I believe I will sleep better knowing that there is one less person hiding in the dark behind his/her computer masturbating to my image and sexually abusing other children.

Exhibit 16

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | LeopardTight | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              LeopardTight

Conviction Date:    07/09/2024
Request Date:       12/16/2024

TO: Whom this May concern,

What has happened to me has affected my life dramatically. Everyday I get reminded of it, by hearing it on the news and just knowing people like that out there scares me to death. It has made me more aware of my envirnment and the people around me knowing that some sick person is looking at me on the computer everyday in a way that no one should look at a kid makes me feel violated, it gives me the jeebers, and it makes me want to throw up. I don't think I would be as normal to day if it wasn't for my step-mom and father. My father is probably the most protective father in the United States. But im very thank ful for that because it's going to help me in my future. Inside im really hurt. I am a real person and im not speaking for just me, but for every kid out in the world. I would do anything to make sure that one less kid gets hurt. And I always will.    —C████

# Exhibit 17

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Jan_Socks1 | | |

## **Guidance for Use of Victim Impact Statement**

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Jan_Socks1 | | |

VICTIM IMPACT STATEMENT
Jan_Socks1

I have received a request to provide a statement describing or explaining the impact of the viewing of images of me when I was abused as a child. I will attempt to provide a statement.

I was not asked if I wanted to be abused, I doubt anyone that suffers abuse asks to be a victim. Whatever image of the abuse exists, I do not know where it is or how it can be accessed. I constantly live haunted by the knowledge that 1000s of people, or likely many more, I don't even know can access and view the images. People that get off on kids being violated. No grown adult wants to be violated by another person, why should a child be forced to endure abuse and then forever suffer from having people see the abuse. For years I have been terrified and did not trust anyone. I was constantly looking over my shoulder thinking someone was out to get me. When kids found out what happened to me, I was bullied. The bullying occurred shortly after I was removed from my family.

I know that the people who watched videos or accessed pictures of the abuse didn't care about what happened to me or to any of the other victims they saw. As long as they got what they wanted, the lives and harm to the children involved didn't matter. Who cares what happens to children after they serve whatever use people want from them? Is this how everyone feels about children, that they are disposable and there shouldn't be a care about what happens to them or how abuse impacts them throughout their lives? I was made to feel disposable and damaged with no care for how I suffered.

People that watch on a cold screen don't see the lives that were lived, the pain that the children endured. They don't see all the things that were taken, nor do they understand the scars that last. They don't understand the fears that go through my mind. Then again, who would understand what it's like to lose all of your siblings, to be on your own because you don't have a family because of what happened to you. Because of what happened, I lost my siblings who were the people I cared about the most. When we were removed from our parents, we were separated and could only have limited contact with one and other. It felt like we became strangers. I've missed out on so many things with them: birthdays; graduations; school events; holidays; and all of the things that happen that siblings share and make memories about. It has been 13 years since we all lived together.

It isn't just the fault of my abuser that these things have happened to me and my siblings, it is also and as much the fault of the audience that access the images. The person viewing the images is doing so out of a desire to engage in the same abuse on that child. How many children, adults, people in general must suffer for people like them to be locked away? This is a problem in society that I fear will never end, and the places that are supposed to be safe, like your home with your parents, become the place you are hurt the most. As a female, I feel that there are men in power and of privilege who allow some of these things to happen to protect others who are similar to them. I cannot do anything about what causes these things to happen. I can only speak for myself and about the harm this caused to me and my siblings. I will live forever with the knowledge that my image is in the

world and will be viewed. I will live forever with the fear of that and whether someone will know who I am and that I will face worse than bullying. There is nothing I can do to stop this or to control what happened to me as a child. While I can move on in my life, the images and access to them will forever hold me to that time when I had no control and couldn't stop what was happening.

I ask that you consider this impact on myself and other victims when you sentence the defendant.

Date: Oct 2, 2023                                  /s/ Jan  Socks1
                                                   Jan_Socks 1

Exhibit 18

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Hawaiian Purple | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              Hawaiian Purple

Conviction Date:    07/09/2024
Request Date:       12/16/2024

①

YOUR HONOR
GOOD MORNING AND THANK YOU FOR
THIS TIME FOR MY VOICE TO BE HEARD.
I KNOW THIS PERSON DID NOT START
THIS NIGHTMARE FOR THIS FAMILY, BUT ALL
THE SAME, IT HAPPENED. THERE ARE NO
DO-OVERS IN LIFE, WE LIVE BY OUR
SUCCESS AND FAILURES..... THAT'S LIFE!
BUT IT IS THESE BOTTOM FEEDERS THAT
ALLOW THIS SICK BEHAVIOR TO CONTINUE IN
OUR SOCIETY. SOMEHOW - SOMEWAY WE
MUST FIND A WAY TO DETER THIS BEHAVIOR
FROM BECOMING MORE OF A PROBLEM IN THIS
COUNTRY THAN IT ALREADY IS.
FIRST AS A PARENT OF A CHILD OF MOLESTATION
AND EXPLOITANT AND SECOND AS A ████ ....
I HAVE MY OWN IDEA OF JUSTICE, BUT THAT'S
NOT ACCEPTABLE IN A CIVILIZED SOCIETY.
SO HE IS LUCKY FOR THAT!!
NOW I'M SURE HIS ATTORNEY WILL COME UP
HERE AND GO ON ABOUT A POOR UPBRINGING.....
FATHER WAS NOT AROUND, MOTHER WAS
ALCOHOLIC OR DRUG ABUSER - BAD NEIGHBORHOOD TO
GROW UP IN, WHATEVER! TO MAKE IT APPEAR
TO BE SOMEONE ELSES FAULT OR SOCIETY IN
GENERAL FAILED HIM! FOR LACK OF A BETTER
WORD.... THAT IS BULLCRAP!!!
MY MOTHER RAISED MY BROTHER AND
MYSELF WHEN OUR FATHER WAS KILLED →

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              Hawaiian Purple

Conviction Date:    07/09/2024
Request Date:       12/16/2024

IN A CAR WRECK WHEN I WAS ELEVEN, IN ONE OF THE WORST CITIES FOR CRIME ON THE EAST COAST - CAMDEN, NEW JERSEY!

MY BROTHER AND I TURNED OUT JUST FINE, WE BOTH SERVED OUR COUNTRY WITH PRIDE, MY BROTHER IN THE ARMY AND MYSELF IN THE ███████. SO TO SAY IT'S SOMEONE ELSES FAULT OR SOCIETIES FAILURE IS WRONG ON EVERY LEVEL. AS AN ADULT HE MADE A CHOICE TO ENGAGE IN THIS BEHAVIOR AND AS SUCH, SHOULD BE HELD SOLELY ACCOUNTABLE FOR THOSE ACTIONS. NO ONE ELSE

TO STEAL THE INNOCENCE OF A CHILD OR TO FEED OFF OF THAT IS NOT ACCEPTABLE! OUR CHILDREN ARE OUR FUTURE AND THE FUTURE OF THIS COUNTRY. IF WE CANNOT PROTECT THEM AND HELP THEM BECOME PRODUCTIVE MEMBERS OF SOCIETY AND SOMEDAY TAKE CARE OF US AND PROTECT US, THAN WE ARE ALREADY DEAD! OUR CHILDREN LOOK TO US FOR STRENGTH AND GUIDANCE, IF WE FAIL THEM NOW, THEN WE FAIL OURSELVES. YOU, YOUR HONOR HAVE THE POWER HERE TODAY TO SAY ENOUGH IS ENOUGH.

Case Name:  US v Rene Rodriguez
Docket#:    23-CR-00123-SA
            Hawaiian Purple

Conviction Date:   07/09/2024
Request Date:      12/16/2024

③

PLEASE  YOUR HONOR,  HERE TODAY
SAY  ENOUGH IS ENOUGH !!

                    THANK YOU
                    RESPECTFULLY

# Exhibit 19

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (Ke) | | |

## Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

   a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

   b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

   c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

   c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:     US v Rene Rodriguez                Conviction Date:    07/09/2024
Docket#:       23-CR-00123-SA                    Request Date:       12/16/2024
               Dalmations (Ke)

### Multiple Victim Series Disclaimer: Dalmatians

Current as of October 9, 2014

The Dalmatians series has eleven identified victims.  There are three victim impact statements on file.  Two are from victims and the third one is from two victims' family.  In order to ensure that the victim impact statements for this series correspond to the child[ren] in the photo(s) you have charged, please contact the case agent for this series and have him or her identify the child[ren] in the photos you have charged.

| | |
|---|---|
| Case Name: | US v Rene Rodriguez |
| Docket#: | 23-CR-00123-SA |
| | Dalmations (Ke) |

| | |
|---|---|
| Conviction Date: | 07/09/2024 |
| Request Date: | 12/16/2024 |

Feb '07

## Victim Impact Statement for the School-Aged Child

What is your name? K▮▮▮▮▮▮

How old are you? ▮▮▮▮▮▮    What grade are you in? ▮▮▮▮▮▮

Please explain briefly what led to you originally being victimized or assaulted.  You can continue on another piece of paper, if necessary, to answer this or any other question.

I Mett him at a fair and the next Ime tthim year throsugh my brothers Then wat yans out at his Hquse. hill told one of them to get me involved whit it.

Explain how your life has been affected by having images of your victimization viewed and downloaded by others from the internet and from knowing this is likely to continue occurring.

it makes me feel in bembarressed and I dount like people haveins me on the internet.

What sentence would you like a judge to order for someone caught sending, receiving or possessing sexually explicit pictures of you?



30 year in Jail

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (Ke) | | |

Describe any psychological or emotional long term effects that have occurred, and/or you expect will continue to occur, as a result of the defendant sending, receiving or possessing sexually explicit pictures of you.

Some people don't forget

Is there anything else you would like the judge to know about how you feel because of what has happened to you?

Tortured

Exhibit 20

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (Ky) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:     US v Rene Rodriguez                  Conviction Date:    07/09/2024
Docket#:       23-CR-00123-SA                       Request Date:       12/16/2024
               Dalmations (Ky)

### Multiple Victim Series Disclaimer: Dalmatians

Current as of October 9, 2014

The Dalmatians series has eleven identified victims.  There are three victim impact statements on file.  Two are from victims and the third one is from two victims' family.  In order to ensure that the victim impact statements for this series correspond to the child[ren] in the photo(s) you have charged, please contact the case agent for this series and have him or her identify the child[ren] in the photos you have charged.

Case Name:     US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA            Request Date:       12/16/2024
                Dalmations (Ky)



### Victim Impact Statement for the School-Aged Child

What is your name? ▮▮
How old are you? ▮▮        What grade are you in? ▮▮

Please explain briefly what led to you originally being victimized or assaulted.  You can continue
on another piece of paper, if necessary, to answer this or any other question.

I mett him at the fair and
the next yea we mett through
a friend. hangout at his house
he told the other kids to get
us invo lved

Explain how your life has been affected by having images of your victimization viewed and
downloaded by others from the internet and from knowing this is likely to continue occurring.



makes me feel embaressed
don't really tell any body
don't like to talk to Police

What sentence would you like a judge to order for someone caught sending, receiving or
possessing sexually explicit pictures of you?

humped to deth by a
horse and make the bet
aids
and die

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (Ky) | | |

Describe any psychological or emotional long term effects that have occurred, and/or you expect will continue to occur, as a result of the defendant sending, receiving or possessing sexually explicit pictures of you.   Don't have any

Is there anything else you would like the judge to know about how you feel because of what has happened to you?    that they all should get hump by a horse and get aids and get std$ and all the other kinds of sickness in the world

# Exhibit 21

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (C) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (C) | | |

## <u>Multiple Victim Series Disclaimer: Dalmatians</u>
Current as of October 9, 2014

The Dalmatians series has eleven identified victims. There are three victim impact statements on file. Two are from victims and the third one is from two victims' family. In order to ensure that the victim impact statements for this series correspond to the child[ren] in the photo(s) you have charged, please contact the case agent for this series and have him or her identify the child[ren] in the photos you have charged.

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Dalmations (C) | | |

*l*

### To whom it may concerns

I apologize for not being there today my work in California has kept me
there longer than I expected, but I wanted my voice to be heard all the way
across this country. I can't begin to tell you how this situation effected
myself and my family, there are so many effected, truth, responsibility and
justice are words thrown around every home and school around this country,
what do they mean, How do you tell a child whose been manipulated,
terrorized and victimized that everything would be ok, how do you tell that
same child, tell the truth and justice will avail and the person responsible
will pay for there action, when the person is still manipulating and
victimizing from jail using court system. As the law has it set Mr. Me█ has
more rights than my children, I find this really troubling. I could not believe
what I was hearing when the district attorney called to tell me M█ had
wanted to take the plea agreement that had stood from day one day two there
should have been no deal on the table anymore, for my self hearing 50 years
was like a slap on the face as to everything I have taught to my children
since they were young. With truth justice will prevail I don't think any of us
think 50 years as justice. Regardless of the demise of these monsters in this
case. With a 50 years sentence, the thought in Mr. █████'s head must be
someday I could still get out. The authorities should not have allowed that
thought to have entered his head.

I know with time, counseling and the love of their families all the people
affected by this will move on with their lives – Mr. █ has not won. I
pray that anyone investigating, prosecuting, or judging this case never has to
hear from a child close to him or her, that someone has sexually assaulted
him or her. It leaves a knot in your stomach and a hole in your heart that can
never be fixed, anyone who says they understand how you feel, and has
never had a child close to them sexually assaulted, can't even imagine until
it happens to you, you have no idea. I don't know if a thousand years would
make me feel like justice has been served. But for the crimes that Mr. M█
has committed 50 years seems like a slap on the wrist. Mr. M███ has hasn't
just taken the hope and dreams of 12 children and how many more that have
not come forward. He has taken the hopes and dreams of our future and for
that no amount of time could be justice enough.

All I can hope is Mr. M███ gets his justice in prison. I thank the court for
the time at least to be heard and I hope the court decides 50 years is not
enough and sentences Mr. █████ to a harsher, tougher sentence that sends a

Case Name:    US v Rene Rodriguez
Docket#:      23-CR-00123-SA
              Dalmations (C)

Conviction Date:    07/09/2024
Request Date:       12/16/2024

message to all offenders like him that they cannot get away with this kind of behavior.

Exhibit 22

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Crosstattoo | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

> a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

> b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

> c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

> a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

> b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

> c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

> d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

> a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

> b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

> c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                         Request Date:       12/16/2024
              Crosstattoo

**Victim Impact Statement for J▮▮▮ B▮▮▮ J▮▮▮ ▮▮ written by her maternal grandmother and legal guardian: L▮ W▮▮▮ (K▮▮▮▮▮).**

J▮▮▮ was born in November of 2006. From a very young age she suffered many episodes of abuse at the hands of her maternal grandfather who was also my husband during this time. J▮▮▮ is the victim not only of sexual abuse but also of having images of this abuse traded through the internet. Her abuser's name is S▮▮▮ A▮▮▮ K▮▮▮▮ and he is currently serving a 110 year prison sentence for his crimes against J▮▮▮ and her younger sister E▮▮.

At the time of this statement, June 2014, J▮▮▮ and her younger sister and brother all live with me, L▮ W▮▮▮, their maternal grandmother. I have had custody of the children since October 9, 2013 due to the neglect and abuse they have suffered in their mother's home. During this time I have personally witnessed several episodes where J▮▮▮ has displayed sexual behavior that can only be termed inappropriate for someone so young. J▮▮▮ has been taught sexual behaviors by her abuser and is now dealing with how to unlearn these behaviors.

When I have found J▮▮▮ carrying out these behaviors I have tried to stress the need for her to stop acting out what she was taught by her abuser. I have met with J▮▮▮'s counselor and received counseling myself on how to react to these behaviors. I will continue to meet with J▮▮▮'s counselor every time these behaviors present themselves because I believe that J▮▮▮ needs this reinforcement at home and her caregiver and her counselor need to handle these behaviors together to give the support and care she needs.

J▮▮▮ is literally so confused that it is emotionally devastating to her when she is confronted about stopping these behaviors. She will cry and break down and let me hold her while she tells me that she does not know why she does the things she does. So far I have been the only member of our family that J▮▮▮ will talk to about her abuse and about the behaviors she is acting out. She just wants someone to understand how confused she is. She tells me she is ashamed and that there is something wrong with her. I tell her again and again that she is just a little girl and that she is not the one who did something wrong. The abuse that J▮▮▮ has suffered is deeply rooted in her young mind and it is going to take years to reverse the way she thinks and feels about sexual behavior.

There have also been several times J▮▮▮ has been caught acting sexually aggressive toward her younger sister, E▮▮ E▮▮ is four years old, three years younger than J▮▮▮ who at the present time is only seven. J▮▮▮'s interaction with E▮▮ was in the form of me finding them in bed together engaged in sexual activity. Both girls were taught by their abuser that sex was a game that was both a secret and fun to engage in and that it was okay if they practiced sexual behaviors with each other.

In order to counteract these behaviors displayed by J▮▮▮ there is constant supervision to keep any sexual interaction from taking place between these siblings. There are no shared baths and no shared beds. Bedroom and bathroom doors remain open at all times. There is very little alone time for these children and an adult is always no more than a

Case Name:     US v Rene Rodriguez                Conviction Date:   07/09/2024
Docket#:       23-CR-00123-SA                     Request Date:      12/16/2024
               Crosstattoo

few yards away.  Even though J█████ shares a room with her younger sister, E███, there is
no interaction allowed when changing clothes or dressing each morning.  Both girls know
that someone is listening out and checking in on them every few minutes when they are
ready for bed.  They sleep in bunk beds and neither girl is allowed to be in the other's
bed, even for story time they remain separated.  Their bedroom door is always kept open
so that we can monitor their behavior and I have been advised by their doctor/therapist to
buy a video monitoring system and have it installed in their room.

The impact that the abuse has had on J█████ has also been felt through her inability to
form relationships with other children, especially in school.  She has expressed her
feelings to me that she is different and that other children make fun of her.  J█████ lacks
the self assurance or self esteem to stand up to bullies and has been targeted by other
children because she won't defend herself.  She has expressed feelings to me that she is a
bad kid and feels she is not worth defending.  Even after much reassurance that none of
the sexual abuse she suffered at the hands of her abuser was her fault she still feels
isolated from others and has trouble making friends at school.  This year she will be
enrolled in private school in hopes that it will boost here self confidence to be in a more
controlled Christian environment.

I have personally witnessed J█████ showing fear and caution when grown men who are
strangers try to interact with her.  She is very guarded with men and is very reserved in
her reactions to them.  I have tried to instill caution within her while also reminding her
that not all men are like S██████ K█████.  She has a few very good male role models in
our family and these men take extra care not to interact in any way that will alarm her or
remind her of her abuser.

J█████ was brain-washed during the years of her abuse into keeping secrets from
everyone.  Her abuser told her that he would go away and she would never see him again
if she told anyone about their "games".  J█████ loved her grandfather very much and the
confusion she feels about him is still evident.  J█████ lost her father when she was only
two years old.  Her "paw-paw", (as the abuser S██████ K█████ was called) was always
willing to spend time with her to help fill the void of having no father.  J█████ has had to
learn at a very young age that some people are dangerous predators and that just because
someone says they love you does not mean you should trust them.  We now call her
abuser the "bad man" since he deserves no title as familiar as grandfather or "paw-paw".

J█████, at this time, is totally unaware that pictures of her engaged in sexual acts with this
man and filmed by him have been traded over the internet.  I see no reason at this young
age to tell her that her abuse was intended to be used for the perverted pleasure of other
abusers.  Should she have to deal with this aspect of her abuse one day, hopefully she will
be stronger and better able to handle it.

I want to address the impact of J█████ as a victim to anyone who seeks this type of child
pornography through the internet or any other source.  J█████ is a living-breathing child.
She is not a nameless victim.  To the person who seeks out this type of pornography I
want to add that just viewing these pictures may not have physically harmed her, but it

Case Name:   US v Rene Rodriguez
Docket#:   23-CR-00123-SA
   Crosstattoo

Conviction Date:   07/09/2024
Request Date:   12/16/2024

does not mean that that no harm was done.  This innocent child is not an object and pictures of her engaged in sexual activity with a child predator are harmful whether or not the viewer of the pictures ever laid a hand on her physically.  J████ and her sister H█ suffered abuse by this predatory molester of children.  These children will have to live with the fact that their pictures are released to be sought out by a perverted internet user. Seeking, viewing and trading pornographic pictures of innocent children is a heinous crime because it makes victims of the children and encourages those who have the physical contact with these victims to continue abusing them.

Please read these words as a description of what it has been like for this little girl to try and come to terms with how she was used and abused by someone she loved.  J████ is too young to write this letter herself.  I am the one who has held her through all the tears and I am describing how she feels when she talks to me, her grandmother.

 L██  W████  (K███████)

# Exhibit 23

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | CatchAWave | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

### Crime Impact

**If and how the crime affected you?**

███████ has been traumatized because of the crime against her.  She has been in my care for four years and I have experienced her trauma first hand.  ███████ receives counseling, behavior modification services, and academic support. She experiences difficulty with crowds and difficulty sleeping without the light. ███████ is provided with supervision at all times because of her inability to understand appropriate boundaries with adults, especially males.  She often makes statements about her childhood and how it was robbed from her. As a result, she has anger issues which are addressed in counseling and behavior modification sessions. ███████ has very, limited use of the computer and cell phone due to her experiences.  I do my best to protect her from the what is out there on the Internet. In summary, ███████ is an 16 year old, who has experienced trauma, she is very vulnerable, shy, angry, and confused, young lady as a result of this crime. ███████ continues to take medication to help her to sleep and continues to receive counseling to help to deal with this trauma.

**Have you noticed any changes in yourself since this happened?  This might include changes in your personal habits, the way you deal with others, or the amount of tension or nervousness you feel.**

███████ gets very impatient with others and will curse others out or excused them of staring out her. She does not like getting close to her or crowds i.e., grocery lines,  theme parks. She has difficulty with peers and does not enjoy participating in peer-related activities and prefers in the company of adults.

**Describe any physical injuries you suffered and medical treatment received as a result of the crime.**

███████ has suffered mental and physical abuse due to the crime and as a result has been in foster care.

# Exhibit 24

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | At School (Violet) | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:   US v Rene Rodriguez
Docket#:      23-CR-00123-SA
             At School (Violet)

Conviction Date:   07/09/2024
Request Date:      12/16/2024

### Victim Impact Statement for "Violet"

The following statement cannot begin to cover the totality of the impact the heinous act(s) against our daughter. She is given a "Life" sentence by the people who have downloaded her images of her sexual abuse. She will forever have the stigma and branding of someone's sexual object of pleasure. The lifelong impacts for our daughter are tragic and we are afraid for her future well-being.

For four long years, our daughters' sexual abuse was recorded on camera and subsequently distributed over the internet. Files were uploaded to secret hiding places where only other sexual abusers know about. The secret vault that caters to child pornography. Today's Information Age of Technology where most people benefit from such advances, has and will become even more so, a living hell for our daughter. As we all know, once something is posted over the World Wide Web, it cannot be taken back.

The despicable images and videos will forever be available to a person who seeks and finds pleasure in abusing children. Thousands upon thousands of people, all over the world have access to images of our little girl during her darkest days, to do so as they wish with those images. A person can download her image, create their own child pornography movie, share it with other monsters, or keep **it** for themselves to continuously exploit our daughter in their own private bedroom. Our daughter is a child whom does not deserve to be exploited day after day by everyone that has these images of her. She unjustly has a lifelong sentence of abuse and exploitation.

As our daughter grows up, and comes to realize the impacts of the sexual abuse and the methodology used in its perpetration, her adjustment into society with these torrid past experiences will be monumental. It will be an ongoing lifelong

1

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA            Request Date:      12/16/2024
              At School (Violet)

process for her. To reiterate, her sentence is for "LIFE". The awareness that her sexual abuse is memorialized via the internet and will forever be devastating. Although she is a child, it won't be long until she learns and realizes that thousands of people, all over the world can view her sexual images as long as they wish. She has no control of the circulation of those horrid videos. This is a tragedy. Our daughter will always be a victim each time another monster "enjoys" her videos. Again, this is a horrible tragedy, and leaves us helpless because there is nothing we can do to stop the distribution of such images.

Our daughter is bright, inquisitive and has a heart of gold. She dreams of being a school teacher, perhaps to help and educate kids who have experienced similar abuses as her. Our daughter has natural athletic abilities and is a fantastic soccer and basketball player. As her parents, we are committed to showing her what typical loving family life is like; most definitely a life without ongoing sexual abuse.

Knowing that people all over the world can continue to exploit her is the deepest concern. We dread the day we must tell her the abuse was videotaped and distributed all over the internet. Once she fully comprehends how her suffered abuse has been spread around the internet for others to "enjoy", it will shatter her soul. I repeat, we are afraid for her physical and mental health. While out shopping or eating at a restaurant, we are constantly worried and afraid one of these online monsters would recognize her from videos. If she is recognized, what stops them from approaching her, or possibly intending to kidnap her? As her mother, this is my worst fear. As she grows older and matures, the images of her abuse remain stagnant in a creepers mind. Once she, herself realizes the impact of her abuse there is no telling how she would react.

2

Case Name:    US v Rene Rodriguez                    Conviction Date:   07/09/2024
Docket#:      23-CR-00123-SA                         Request Date:      12/16/2024
              At School (Violet)

One can only imagine she has the potential to feel violated all over again, she might feel ashamed or embarrassed; she may constantly be distracted, she may even feel the abuse was her fault. Adding to these feelings, knowing that she wouldn't be able to take down her online images, would be extremely painful and unnerving. She would feel helpless. As she becomes an adult and becomes more involved in society, how will her childhood abuse and continued exploitation affect her? At this time, we are carefully and constantly monitoring her for adverse signs of the abuse. She is being monitored by a counselor in hopes to become and remain successful in the healing process. There is no telling how much counseling she will need. The sexual abuse act itself is one aspect to heal from, but the more challenging aspect is the simple fact that her abuse is forever available online.

Any person(s) caught with sexual images of our daughter deserves the most severe punishment allowed by the courts. By having our daughters' sexual abuse images online, monsters will continue to exploit her, leaving her with a tremendous amount of pain to deal with. Those individuals must be held accountable for their actions. Our daughter has a "Life" long sentence of victimization and she will need help to recover from the trauma.

I swear and affirm under penalty of perjury that the above statement is true.

Date: _March 28, 2019_

Signature _(signature)_
Mother of "Violet"

3

Exhibit 25

| | | | |
|---|---|---|---|
| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | BalletGirl2 | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy. See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2. If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3. Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4. To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

    a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

    b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez          Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA               Request Date:       12/16/2024
              BalletGirl2

The things my father did have greatly affected the lives of my family and I. Pictures of me and my sister are all over the world on the internet. There is nothing we can do about it now except find the people with them, and give them great punishment. I dont think anyone knows what going through this is like unless they have gone down the same path. It is very troubling knowing that our pictures are still out there for nasty, sick, perverts to look at. I dont see how somebody can do that and not feel horrible about it. The pictures they are looking at are of real people. People like me and my sister who are completely mortified that this has happened to them. When I take a look at my part... I am not proud, most of it I try not to remember but I do. All I can say is that none of this is my fault and I had no control over it. But I still cry sometimes at night wishing I could have done something, anything, for this to not have happened. a ████████

Exhibit 26

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | MotherFull 20121 | | |

### Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

> a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

> b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

> c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

> a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

> b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

> c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

> d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

> a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

> b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

> c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    US v Rene Rodriguez
Docket#:       23-CR-00123-SA
               MotherFull 20121

Conviction Date:    07/09/2024
Request Date:       12/16/2024

### Series Disclaimer: Mother Full 20121
Current as of May 2023

As of May 2023, the parents of the minor victim in the MotherFull 20121 series are representing their child for purposes of seeking restitution with cases involving transportation, distribution, receipt, possession, accessing or advertising, however **the only restitution information available, at this time, is mentioned within the VIS itself.**

The parents are aware that the lack of supporting documentation regarding losses could prohibit restitution from being ordered.

A more substantive guidance document can be found on the CEOS Intranet here: https://dojnet.doj.gov/criminal/ceos/restitution/MotherFull-20121-Restitution-Guidance-2023.pdf


If you have any questions, please contact EOUSAs Victim Witness Program at: usaeo-vwpsc@usa.doj.gov.

Case Name:   US v Rene Rodriguez
Docket#:     23-CR-00123-SA
             MotherFull 20121

Conviction Date:   07/09/2024
Request Date:      12/16/2024

This letter is to serve as a victim impact statement and restitution request in every case that DJMW is identified in as a victim. DJMW has suffered greatly as a result of the crime that was committed against her regarding the Mothefull2112 case and has been exploited sexually do to this crime. DJMW suffers severe anxiety attacks and has been diagnosed with anxiety, depression, visual and auditory hallucinations as a result of the crimes committed against her. She is in therapy weekly and is on several prescription medications to help her deal with the ongoing effects of this abuse.

While DJMW does everything that she can to lead a normal life the events of her past have severely impacted her health and well being and continues to cause her ongoing and severe mental health issues. The impact of the abuse that was inflicted upon her is massive and she will suffer its effects for the rest of her life.

Please consider this statement in every case that is brought to light as every time the video that was created is viewed, ▮▮▮ is again made a victim. The fact that this video is on the internet and cannot be stopped is an ongoing abuse that will impact her life and wellbeing for the foreseeable future.

We are also requesting all restitution that is available to help offset the costs of her ongoing treatment and any future treatment that will be required.

Thanks

T▮▮▮▮ ▮ ▮▮▮▮▮ and P▮▮▮ ▮▮▮▮▮▮▮▮▮.

Although most of DJMW expenses are covered through Medicaid there are still financial impacts to her and the rest of our family. I (T▮▮▮▮ ▮ ▮▮▮▮▮) have not been able to work a full-time job as I'm constantly having to be home for doctors appointments and counselling sessions (while my wife P▮▮▮ ▮▮▮▮▮▮▮▮▮▮ is the sole provider) in line with DJMW ongoing treatment. This impacts our family's ability for any meaningful saving and the ability for us to save for DJMW further education (College savings) or any extra funds that would go towards the betterment of DJMW quality of life. While I do not have a specific dollar amount available we would like to use any restitution available to help DJMW prepare for her future such as setting up a fund for college and being able to afford all of the expenses that come with her future educational plans. Without my ability to be able to work full time and focus my time and energy on DJMW we (our family) is greatly impacted and not able to set aside any significant saving for our child's future. The main goal of requesting restitution is to try and ensure my daughters future education, growth and well-being. In addition to cover DJMW future expenses once her Medicaid coverage stops.

Thank You

T▮▮▮▮ ▮ ▮▮▮▮▮ and P▮▮▮ ▮▮▮▮▮▮▮▮s

# Exhibit 27

| Case Name: | US v Rene Rodriguez Sara | Conviction Date: | 07/09/2024 |
|---|---|---|---|
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |

## Guidance for Use of Victim Impact Statement

1. Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include, among others, the right to be reasonably protected from the accused; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; the right to full and timely restitution; and the right to be treated with fairness and with respect for the victim's dignity and privacy.  See 18 U.S.C. § 3771(a)(1), (a)(4), (a)(6), and (a)(8).

2.  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General, through a designee, must receive and investigate complaints alleging that a Department of Justice employee failed to provide rights to a crime victim under 18 U.S.C. § 3771, and discipline may be imposed upon the employee for a willful or wanton failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. § 45.10.

3.  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, including specific procedures to protect the child's privacy.

4.  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), (6), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

a) When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

b) Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

c) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately from VISA for each and every individual defendant being sentenced.

5. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy, as pre-sentence reports are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

c) To the extent possible, prosecutors should avoid referring to identifying information about the victim in open court.

d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

6. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| Case Name: | US v Rene Rodriguez | Conviction Date: | 07/09/2024 |
| Docket#: | 23-CR-00123-SA | Request Date: | 12/16/2024 |
| | Sara | | |

Impact Statement for M███████████████
Dated January 8, 2007

I am not sure if we will ever know the full impact this violation has or
will have on Ma███. As she enters the world of womanhood, the only one
who will know, will be Ma███. But what I do know is that, at one time, I
could walk up to her and give a hug and get one in return. These days I
hear, "Don't touch me", "I don't like being confined", and "Please
don't". As a parent showing your child that you love them, should not be
a hurtful experience or a constant reminder of something so ugly. Then
again, M████ is reminded of her experience on a daily basis. For
example, simply listening to the radio and the news reports of sex
offenders. I see her through my rearview mirror, simply looking down or
out the car window. Sometimes there are no words spoken, but on occasion
I have heard statements like, "why do people have children if all they
do is hurt them", "and they say we are better than animals, well animals
don't do that". Statements like this I have no comment. What can I say?
She is right.

I do know that the nightmares still continue. Some times at night, I
hear her and through experience, have learned to leave her alone. This
way I don't walk around for the next few days with a bruised cheek, all
because I tried to comfort her. Ma██ to this day, still fights, kicks,
and screams while sleeping. On an average, at least once a month. I know
now, not to give her a kiss on the forehead when sleeping, just simply
smile and pray for her to sleep peacefully. I also know, she sleeps with
her bedroom door locked and is easily startled. I also know, in social
groups, I watch M█████'s body language change. Around a group of girls,
comfortable, self-assured and confident. When talking to boys, she
slouches, poor eye contact, and speaks very little. When her brothers
have their friends over, she remains in her room for the most part.
Ma████ is now ██ years old and yet to have a date.

We all have been affected by this violation. Financially, we were
destroyed. Our joint savings account, gone. The children's savings
account, gone. The joint checking account only had $7.94 left in it and
I was only working part-time. We had to move from our home because of
the neighbor's negative comments and inappropriate behavior. There are
emotional scars that can not be healed. Prior to everything, my oldest
Son, once was in the top 20 of his class, after having to relocate, his
desire for school diminished. He now is ranked 421 out of 527 graduating
students. He no longer desires sports, and does not have the same circle
of friends he once did. Why? "I don't want to be like him".
My second oldest Son became very introverted. Stayed in his room, slept
a lot, and did very little socializing with his peers. With in the past
year he has finally started to socialize and has academically improved.
My youngest Son stays over his one friends house so he can be with his
"adopted Dad", so my son titled him.

The overall impact this violation has had, will have, on these children
are countless. They have a lifetime sentence of emotional destruction
that can not be reversed. No matter how hard I work, how hard I try to
feed positive attitude, show emotional support, I will never be able to
erase what has been done.

V█████████████

Case Name:    US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:      23-CR-00123-SA                         Request Date:       12/16/2024
              Sara

Impact Statement for the H█████ Family
March 18, 2008

It has been █████)years my daughter, M███'s case has been revealed. Since then, I have been informed on a monthly basis of accounts where someone is being charged for having poccession of her images that are on the internet. These images will never be erased from the internet and will never be erased from M██ s memory. The fact that someone says to view the images is a "non-victim" incident is obsurred. The individuals who view these images are only feeding the perpetrayer to continue creating and exchanging such images. Every time her image is viewed, she is a victim all over again. Why or how you ask. Because in a sick contourted way the individual who is viewing this, is taking pleasure in someone else's pain. By viewing this, the perpetrary is supplying the demand.

There fore making both parties involved, guilty.

Case Name:      US v Rene Rodriguez                    Conviction Date:    07/09/2024
Docket#:        23-CR-00123-SA                        Request Date:       12/16/2024
                Sara

For the past six years I have heard the same statement repeatedly. I quote "victimless crime". As I am before you today, I am here to dispute that statement on behalf of my daughter. With individuals, such as yourself, processing in-appropriate images of children, such as my daughter, you are fueling the in-appropriate actions of perpetrators to continue making such images. Did you ever hear of "Demand, and Supply". Unfortunately for my daughter, your need of "supply" became "demanded" of her being forced, and I use the word "force" to its fullest definition, to accommodate your desire to view such images. I am here before you to explain why "victim less" crime is an un-excusable statement. My daughter is of my biological make; she is part of me as much as I am a part of her. It is my blood and my genes that have created and today, flow through her. She has three brothers and they too are connected because of the same biological make. My daughter was the actual victim of the physical and mental abuse to create these images you and others desire to view. But my sons and I are victims due to the result of these images being displayed, traded, sold and/or downloaded via the modern technology of computers and inter-net. All of us have been "victims". Family members were de-associating themselves with us. "Victims" because our friends made rude comments and passed judgement on us as while we were stood on the school grounds. "Victims" because society as a whole has dismissed us with the attitude that we are less of equality than others. For example, one day while walking my daughter home from school, my next door neighbor stood on her front porch and I quote, "we know what kind of daughter you have now, don't we". Those words will forever burn in me and I will never forgive the individual who spoke them to us. Just as my oldest son, who is now 18 years old, had to deal with a so-called friend who found out the truth and made derogatory comments referencing his sister. We have been ostracized by society, dismissed by family members, and judged by friends, therefore we are "victims" in every sense of the word. To say it is a "victim-less" crime is absolutely absurd. These images will never be erased from the inter-net world, and every time she is viewed, she is re-victimized. The images in my daughter's memory bank, will never be erased either. Allow me to share. Saturday, March 22, 2008, I was awakened at 2:00 a.m. with my daughter screaming, thrashing and kicking. I could hear her yelling "stop, leave me alone". I wish words could describe the heaviness in my soul, how my heart was pounding because I could hear the panic and fear in her voice. How helpless I felt knowing that I couldn't help her and that the only thing I could do is pray for it to end and that she could rest peacefully. She re-lives it, I re-live it. We will forever be "victims".

V▬▬▬▬▬▬